Amanda C. Sommerfeld (SBN 185052)
asommerfeld@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone:      +1.213.489.3939
Facsimile:      +1.213.243.2539

Kelsey Israel-Trummel (SBN 282272)
kitrummel@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:      +1.415.626.3939
Facsimile:      +1.415.875.5700

Patricia T. Stambelos (SBN 166998)
patricia@patriciastambelos.com
Stambelos Law Office
543 Country Club Drive, Suite B209
Simi Valley, CA  93065
Telephone:      +1.805.578.3474
Facsimile:      +1.805-994-0199

Attorneys for Defendants
SKYWEST, INC. AND SKYWEST
AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CODY MEEK, *et al.*,<br><br>                    Plaintiff,<br><br>          v.<br><br>SKYWEST, INC. and SKYWEST AIRLINES, INC.,<br><br>                    Defendants. | Case No. 3:17-cv-01012-JD<br><br>**DEFENDANTS SKYWEST, INC. AND SKYWEST AIRLINES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date:          July 27, 2017<br>Time:          10:00 a.m.<br>Judge:        Hon. James Donato<br>Courtroom:   11, 19th Floor |

1

**NOTICE OF MOTION**

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE THAT on July 27, 2017 at 10:00 a.m. in Courtroom 11, 19th

4

floor of the above Court, located at 450 Golden Gate Avenue, San Francisco, California, the

5

Honorable James Donato presiding, Defendants SkyWest, Inc. and SkyWest Airlines, Inc.

6

("SkyWest"), will and hereby do move this Court for an Order, pursuant to Rule 12(b)(6) of the

7

Federal Rules of Civil Procedure, dismissing the claims against them.

8

The Motion under Rule 12(b)(6) is made on the grounds that:

9

(i)  To the extent Plaintiff's overtime theory in Claims One through Four is premised on

10

an overtime theory, those claims fail as a matter of law because Plaintiff was exempt from

11

overtime under the express language of Wage Order 9-2001;

12

(ii)  Plaintiff's off-schedule theory in Claims One through Four fails because Plaintiff fails

13

to state a claim upon which relief may be granted;

14

(iii)  Claim Three is barred by the statute of limitations; and

15

(iv)  Plaintiff lacks standing to bring Claim Five.

16

The Motion is based upon this Notice of Motion and Motion, the Memorandum of Points

17

and Authorities in Support of the Motion, the Request for Judicial Notice filed concurrently

18

herewith,  all of the papers on file in this action, and upon such other and further evidence or

19

argument that the Court may consider.

20

DATED:  June 2, 2017                                      JONES DAY

By:     */s/ Amanda C. Sommerfeld*

21

Amanda C. Sommerfeld

22

23

Counsel for Defendants
SKYWEST, INC. and SKYWEST AIRLINES, INC.

24

25

26

27

28

1

# I.     INTRODUCTION

2       Plaintiff Cody Meek ("Plaintiff") is a former ramp agent for defendant SkyWest Airlines,

3   Inc. ("SkyWest") who worked at the San Francisco International Airport ("SFO").  In his

4   Complaint, he raises a litany of employer practices with which he takes issue, including 1) the

5   use of "alternative workweeks," 2) the airline industry's standard practice allowing employees to

6   "shift trade" with one another for personal reasons, without overtime, and 3) the practice of

7   paying to a schedule, with exception reporting allowing for additional pay for off-schedule work.

8   But while Plaintiff peppers his Complaint with hints about these various practices, his stated

9   Claims are limited to a minimum wage claim (Claim One), a final pay claim (Claim Two), a

10  wage statement claim (Count Three), an unfair business practices claim (Count Four), and a

11  claim for failure to pay the minimum wage under San Francisco local minimum wage ordinances

12  (Claim Five).

13      Plaintiff's allegations fail to state a viable claim upon which relief may be granted.  First,

14  under the express terms of Wage Order 9, Plaintiff is exempt from California's overtime laws

15  and, thus, to the extent Plaintiff's Claim One is premised on overtime arising out of shift trades,

16  alternative workweeks or off-schedule work, it is subject to dismissal under Rule 12(b)(6) of the

17  Federal Rules of Civil Procedure ("Rule 12(b)(6)").

18      In addition, Plaintiff appears to attack the practice of paying to a schedule, whereby

19  employees must separately report hours worked beyond their scheduled shift for payment.  But

20  he fails to state a plausible claim because the practice is not unlawful on its face and because he

21  fails to allege that he followed the process for reporting off-schedule work and was nonetheless

22  denied payment.  To the extent Claims Two, Three, and Four are derivative of the faulty

23  overtime and off-schedule work theories on which Claim One is based, they fail for the same

24  reasons.  In addition, Plaintiff's wage statement claim (Claim Three) fails for the additional

25  reason that it is clearly barred by the applicable one-year statute of limitations, and Plaintiff's

26  claim under San Francisco's Minimum Compensation Ordinance (MCO) and San Francisco

27  Airport's Quality Service Program (QSP) (Claim Five) fails because Plaintiff lacks standing.  For

28  the reasons explained below, each of Plaintiff's claims fails to state a claim upon which relief

may be granted, and his Complaint should be dismissed.

## II.   BACKGROUND

### A.   The Complaint and Plaintiff's Exhibit 1 Reveal that the Parties are Subject to a Collective Bargaining Agreement

Plaintiff Cody Meek ("Plaintiff") alleges that he was employed by SkyWest as a ramp agent at the San Francisco Airport ("SFO") from April 2013 to June 2015.  Compl. ¶ 13.  He admits that, while employed by SkyWest, his wages, hours, and working conditions were governed by the Customer Service Policy Manual (hereinafter the "CBA"), excerpts of which he attached to his complaint as Exhibit 1.  *Id.* ¶¶ 3, 21–22, 25, 35.  As reflected in Exhibit 1, the CBA is a "binding agreement between [SkyWest] and the SkyWest Airlines Frontline Association (SAFA)" governed by the Railway Labor Act ("RLA"), and "[SkyWest] recognizes SAFA as the only collective bargaining unit of SkyWest Airlines' Customer Service Department." *Id.*, Ex. 1 at p. 34, 41.  The employees of SkyWest's Customer Service Department, also referred to as "frontline agents," include ramp agents like Plaintiff.  *Id.* at p. 39.  A federal court has already confirmed that SAFA is a bona fide "representative" under the RLA, and the Customer Service Policy Manual is a collective bargaining agreement.  *Blackwell v. Skywest Airlines, Inc.*, No. 06cv0307 DMS (AJB), 2008 WL 5103195, at *6–9 (S.D. Cal. Dec. 3, 2008).

### B.   Plaintiff's Alleged Claims and Underlying Theories

Plaintiff's Complaint is not a model of clarity.  He includes allegations about improper overtime, alternative workweeks, shift trades and meal and rest breaks, but ultimately asserts claims only for a failure to pay minimum wages (Claim One), a failure to pay waiting time penalties (Claim Two), a failure to provide itemized wage statements (Claim Three), a violation of California's Unfair Competition Law ("UCL") (Claim Four), and a failure to pay minimum wages in violation of San Francisco's MCO (Claim Five).  He also alleges in passing that he worked "shift trades" and suggests that he may have worked under an "alternative workweek schedule," but provides no detail whatsoever regarding the details of either alleged practice or how any shift trade or alternative workweek policies caused independent or additional violations of California law.  *See* Compl. at 2:3–4, ¶¶ 2, 6, 40, and 47.

With respect to Claim One, Plaintiff admits that, at all times, he was paid at least $12.35 an hour while the California minimum wage during his employment was only $9.00. *Id.* ¶¶ 32, 34, 60. His minimum wage claim therefore is not one based on an allegation that his hourly rate was too low. Instead, it appears to be based on allegations that: 1) he was not paid for all hours worked because work performed pre and post shift and during meal and rest periods was not *automatically* accounted for in his time and pay records, referred to hereinafter as his "off-schedule theory," or 2) that he was not paid at an overtime rate for time worked beyond a standard day or week, referred to hereinafter as his "overtime theory." *Id.* ¶¶ 40–45, 63.[1]

Other than the allegations underlying Claim One, the Complaint does not include any allegations that Plaintiff's final pay was late or his wage statements were inadequate. Rather, Claims Two and Three are entirely derivative of Claim One. *See id.* ¶¶ 71–84. Similarly, Plaintiff's UCL claim is premised on the theory that the alleged conduct from which Claims One, Two, Three and Five arise constitutes "unfair and unlawful" practices under the UCL. *Id.* ¶ 79.

With respect to Claim Five, Plaintiff alleges that, as an employee at SFO, he was subject to San Francisco's MCO, and was a "covered employee" under the QSP enacted by the San Francisco Airport Commission ("SFAC"). *Id.* ¶¶ 33–34. The MCO sets a minimum hourly rate for employees of city contractors and subcontractors, including employers with contracts for exclusive use of real property under SFAC's jurisdiction. S.F. Admin Code § 12.P.4. The QSP is a program that purports to increase the MCO minimum wage by $0.50 for certain airport employees. *See generally* QSP (March 1, 2016), *available at* http://media.flysfo.com/media/ Quality-Standards-Program-2016.pdf. Although SAFA and SkyWest "expressly agree[d]" in December 2012 that they "have and will continue to waive application of the guidelines of the . . . San Francisco Living Wage Ordinance (SFO LWO) and the San Francisco Quality Standards Program (SFO QSP)" (*see* Request for Jud. Notice Ex. A), Plaintiff alleges that, under the QSP,

---

[1] SkyWest voluntarily provided all of Plaintiff's time and pay records to his counsel, in exchange for a short extension of the time to respond to the Complaint. The time and pay records unequivocally show that Plaintiff was in fact not "paid to a schedule" but according to his own clock-in and clock-out entries, and that he was paid overtime for all non-shift trade hours worked over eight in a day. SkyWest invited Plaintiff to consider withdrawing or amending his Complaint, but he has declined to do so.

DEFENDANTS' MOTION TO DISMISS
Case No. 3:17-cv-01012-JD

1   he "should have received no less than $12.93 per hour in 2013," that the "applicable rate of pay

2   he should have received in 2014 was $13.93 per hour", and "in 2015 was no less than $13.52 per

3   hour." *Id.* ¶ 36.  He alleges that his "regular wage rate was never more than 12.50 per hour." *Id.*

### III.   STANDARD OF REVIEW

5        Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true,

6   to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

7   (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

8   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

9   inference that the defendant is liable for the misconduct alleged." *Id.*  Mere conclusory

10  statements—such as "'labels and conclusions' or 'a formulaic recitation of the elements of a

11  cause of action'"—are insufficient. *Id.*  In addition, where, as here, a plaintiff has specifically

12  referenced a contract or document in his Complaint, and fails to include the entirety of the

13  document, it may be supplied by the defendant, without converting the motion to dismiss into a

14  motion for summary judgment. *Knieval v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also*

15  *Angeles v. U.S. Airways, Inc.*, No. 12-05860 CRB, 2013 WL 622032, at *3 (N.D. Cal. Feb. 19,

16  2003) (explaining that consideration of CBA was appropriate under Rule 12(b)(6) where

17  "Plaintiffs' claims are based on an alleged employment relationship between Plaintiffs and

18  Defendant, a relationship that is governed by a CBA"); *Jones v. AT & T*, No. C 07-3888 JF (PR),

19  2008 WL 902292, at *2 (N.D. Cal. Mar. 31, 2008) (taking judicial notice of CBA referred to in

20  complaint on motion brought under Rule 12(b)(6)).  All five of Plaintiff's claims fail to state a

21  coherent and plausible claim upon which relief may be granted and the Complaint should be

22  dismissed.

### IV.   ARGUMENT

24  **A.   Plaintiff's Claims Are Insufficiently Pled and Fail Under Rule 12(b)(6).**

25       Each of Plaintiff's claims must be dismissed because they either fail to state plausible

26  claims for relief, or, as alleged, they fail as a matter of law.

1       **1.**     <u>**Plaintiff's Overtime Theory in Claim One Fails Because He Was Exempt**</u>

2              <u>**From Overtime Under Wage Order 9**</u>

3       As an initial matter, separate and apart from the imprecise and conclusory nature of

4  Plaintiff's substantive allegations, he cannot escape the fact that Wage Order 9 expressly

5  exempts airlines from overtime obligations when there is a collective bargaining agreement

6  under the RLA.  Cal. Code Regs. tit. 8 § 11090(1)(E) (providing that "[t]his [wage] order shall

7  not be deemed to cover those employees who have entered into a collective bargaining

8  agreement under and in accordance with the provisions of the Railway Labor Act, 45 U.S.C.

9  Sections 151 et *seq*.").  Here, Plaintiff does not and cannot dispute that SAFA is the designated

10  representative of ramp agents under the RLA, with responsibility for negotiating all items

11  addressed in the CBA, including pay scales. Compl., Ex. 1 at p. 34, 41 (defining SAFA as the

12  representative for non-management employees in the customer service department and

13  designating the Customer Service Policy Manual as binding agreement between SAFA and

14  SkyWest); *Angeles*, 2017 WL 587658, at *3 (N.D. Cal. Feb. 13, 2017) (holding that Wage Order

15  9 overtime exemption applies to collective bargaining agreement governed by the RLA,

16  requiring Rule 12(b)(6) dismissal); *Blackwell*, 2008 WL 5103195, at *6–9 (SAFA is an RLA

17  "representative" and earlier version of the same Customer Service Policy Manual at issue here

18  constitutes a collective bargaining agreement).  Accordingly, Plaintiff is exempt from overtime

19  under Wage Order 9, and his overtime theory in Claim One must be dismissed.  To the extent

20  that Claims Two through Five are based on Plaintiff's faulty overtime theory, they fail for the

21  same reason.

22       **2.**     <u>**Plaintiff's Off-Schedule Theory In Claim One Must Be Dismissed Because**</u>

23              <u>**He Fails to Allege that He Reported Off-The-Clock Time and Was Denied**</u>

24              <u>**Payment**</u>

25       To the extent Claim One is premised on alleged off-schedule work—which includes pre-

26  and post- shift work and missed or short meal and rest periods—the CBA, as Plaintiff's

27  allegations admit, provides a process for such time to be compensated.  Compl. ¶¶ 5, 22

28  (acknowledging that Agents are compensated for pre- and post-shift work and short or missed

1    meal and rest periods with supervisor approval).  In fact, Plaintiff appears to be challenging the

2    legality of this approval process.  *See* Compl. ¶ 27 (wage statements are improper because they

3    "only include hours that is [sic] approved by supervisors *after the work has already been*

4    *performed*") (emphasis in original).

5           As an initial matter, California law permits employers to require employees to take extra

6    steps to report, and receive compensation for, additional time worked outside of scheduled shifts.

7    *See, e.g.*, *Porch v. Masterfoods, USA, Inc.*, 685 F. Supp. 2d 1058, 1066–67 (C.D. Cal. 2008)

8    (dismissing plaintiff's overtime claim where he did not allege he worked *and reported* overtime,

9    despite policy allowing him to do so); *White v. Starbucks Corp.*, 497 F. Supp. 2d 1080 (N.D. Cal.

10   2007) (same); *Jong v. Kaiser Found. Health Plan, Inc.*, 226 Cal. App. 4th 391, 399 (2014)

11   (employer not liable for unpaid off-the-clock work where employee never reported work to

12   employer despite policy requiring employees to do so).  Nor is there anything inherently

13   improper about a policy that allows employees to clock in shortly before their shift, but does not

14   require them to begin work until their shift begins.  *See, e.g.*, *See's Candy Shops, Inc. v. Superior*

15   *Court*, 210 Cal. App. 4th 889, 909 (2012) (grace period policy similar to SkyWest's alleged early

16   clock in policy did not amount to a *per se* violation, but rather "raise[d] factual questions

17   involving whether the employee was in fact working and/or whether the employee was under the

18   employer's control during the grace period"); *Angeles*, 2017 WL 587658, at *3 (no liability for

19   unpaid time under grace period policy where employees used uncompensated pre-shift time for

20   personal activities); *see also Green v. Fed. Express Corp.*, 614 F. App'x. 905 (9th Cir. 2015)

21   (applying federal law).  Moreover, Plaintiff provides no detail at all about the policies that

22   govern either the approval or early check-in procedures, or how those procedures are carried out

23   in practice.  Without them, he cannot state an intelligible, let alone plausible, claim.[2]

---

24   [2]  Plaintiff alleges in passing that ramp agents are "required to check in no less than five minutes
     before their scheduled day."  Compl. ¶ 23.  To the extent Plaintiff suggests the CBA *requires*
25   ramp agents to clock in five minutes before their shift begins, the CBA proves this is not the case.
     Rather, ramp agents *may* clock in up to five minutes before their shift is scheduled to begin; they
26   are not automatically paid for these additional minutes, nor are they required to work during them.
     *See id.*, Ex. 1 at p. 7461.3.  Plaintiff also later admits that, consistent with the CBA, he does not
27   have to clock in a full five minutes before his shift, but may choose to clock in early to ensure he
     does not clock in late.  *Id.* ¶ 41.

28

1         Alternatively, if Plaintiff is not challenging the approval process itself, but rather specific

2   instances in which requests to be paid for unscheduled work or missed breaks were denied, his

3   allegations still fall short.  In particular, the Complaint is conspicuously lacking allegations that

4   Plaintiff sought approval for any of his allegedly uncompensated work, let alone that he did so

5   and was not paid for the work.  *See* Compl. ¶ 45 (alleging only that such time was "not approved,"

6   but not that Plaintiff sought approval).  Nor is there any allegation he performed work at all when

7   he "check[ed] in early to avoid being late."  *See id.* ¶ 41.  Without such allegations, even taking

8   Plaintiff's complaint at face value, he has not alleged a viable claim for uncompensated time.

9   *See Forrester v. Roth's I. G. A. Foodliner, Inc.,* 646 F.2d 413, 414 (9th Cir. 1981) (noting that

10  under the FLSA, "where an employer has no knowledge that an employee is engaging in

11  overtime work and that employee fails to notify the employer . . . the employer's failure to pay

12  for the overtime hours is not a violation"); *White,* 497 F. Supp. 2d at 1083 ("To prevail on his

13  off-the-clock claim, [employee] must prove [employer] had actual or constructive knowledge of

14  his alleged off-the-clock work."); *Jong,* 226 Cal. App. 4th at 399 (no liability for unpaid time

15  where employee failed to report such time).  Ultimately, Plaintiff's minimum wage claim, to the

16  extent it is premised on off-schedule work, is not viable on its face and must be dismissed.  To

17  the extent they are also based on this off-schedule theory, Plaintiff's derivative Claims Two

18  through Five fail for the same reason.

19           **3.**      **Plaintiff's Wage Statement Claim is Time-Barred**

20        Plaintiff fails to allege he suffered any actual harm or damage as a result of SkyWest's

21  allegedly insufficient wage statements.  *See* Compl. ¶¶ 71–76.  As a result, he can recover only

22  statutory penalties, and his wage statement claim is subject to California Code of Civil Procedure

23  section 340's one-year statute of limitations.  *Elliot v. Spherion Pac. Work, LLC*, 572 F. Supp. 2d

24  1169, 1179 n.9 (C.D. Cal. 2008).  Because Plaintiff filed his Complaint on February 27, 2017, he

25  is only eligible to recover on wage statement violations occurring on or after February 27, 2016.

26  He admits, though, that his employment ended in June 2015, and thus his wage statement claim

27  is clearly time barred and must be dismissed.  Compl. ¶ 13.

28

1          **4.      Plaintiff Lacks Standing to Assert Claims Under the MCO and the QSP**

2          Plaintiff bases his fifth claim on alleged violations of the MCO and QSP, but California

3    courts are clear that not every violation of a statute "necessarily give[s] rise to a private cause of

4    action." *Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 596 (2010).  "Instead, whether a

5    party has a right to sue depends on whether the Legislature has 'manifested an intent to create

6    such a private cause of action' under the statute." *Id.* (quoting *Moradi–Shalal v. Fireman's Fund

7    Ins. Cos.*, 46 Cal. 3d 287, 305 (1988)).  A private right of action exists only if statutory language

8    or legislative history affirmatively indicates an intent to create such a right, which need not

9    necessarily be expressed explicitly, but must at least be "strongly implied."  *Thurman v.

10   Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1132 (2012).

11         Neither the MCO nor the QSP expressly provide for a private right of action.  Rather, the

12   MCO provides that failure to comply with its minimum hourly wage "shall constitute a material

13   breach" of a covered employer's contract or subcontract to provide city services, and designates

14   individual employees as third-party beneficiaries who must exhaust an administrative review

15   process before they can bring suit for their employer's breach.  MCO § 12P.6(d).  Here, Plaintiff

16   failed to allege exhaustion and thus has no standing to sue under the MCO.  Moreover, even if

17   Plaintiff did have standing to bring a claim under the MCO, the MCO allows that "All or any

18   portion of the applicable requirements of this Chapter may be waived in a bona fide collective

19   bargaining agreement, provided that such waiver is explicitly set forth in such agreement in clear

20   and unambiguous terms." *Id.* § 12P.10.  As shown in the additional excerpts of the CBA

21   attached to SkyWest's Request for Judicial Notice, SkyWest and SAFA agreed on December 18,

22   2012 to just such an explicit waiver.  *See* Req. for Jud. Notice Ex. A.

23         The QSP, in turn, does not discuss any individual employees' rights to sue for violations,

24   but instead allows that upon "receipt of any notice of non-compliance with the Program," the

25   *Airport itself* may "exercise all remedies available to it, including but not limited to . . .

26   restitution for employee back pay."  QSP § VI(D).  This strongly suggests that the QSP does not

27   create a private right of action.  First, it authorizes the Airport to recover wages owed to

28   employees, which it specifically refers to as restitution, while it makes no reference at all to

DEFENDANTS' MOTION TO DISMISS
Case No. 3:17-cv-01012-JD

1   actions by employees themselves to recover those same wages.  Second, though the SFAC was

2   clearly aware of the MCO when it drafted the QSP, it failed to include any third-party

3   beneficiary language such as was included in the MCO or any administrative procedure pursuant

4   to which employees can report and pursue alleged violations of the QSP.  That the Commission

5   chose not to include any such provisions, and assigned to the Airport the sole right to enforce the

6   QSP, strongly implies not that the Commission intended to create a private right of action, but

7   rather that it did *not* intend to do so.  Accordingly, Plaintiff cannot assert a claim under either the

8   QSP or the MCO, and the Court should dismiss Plaintiff's Claim Five for lack of standing.

9                                        **V.      CONCLUSION**

10          For the reasons stated above, the Complaint should be dismissed.

11

12   Dated: June 2, 2017                          Respectfully submitted,

13                                                JONES DAY

14

15                                                By: */s/ Amanda C. Sommerfeld*
                                                      Amanda C. Sommerfeld
16

17                                                Counsel for Defendants
                                                  SKYWEST, INC. and SKYWEST AIRLINES,
18                                                INC.

19
     NAI-1502732432v6
20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS
Case No. 3:17-cv-01012-JD