UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY MEEK,<br><br>        Plaintiff,<br><br>    v.<br><br>SKYWEST, INC., et al.,<br><br>        Defendants. | Case No. 17-cv-01012-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 44 |

This is a wage-and-hour employment class action brought by plaintiff Cody Meek, a former ramp agent at San Francisco International Airport, against his former employers, defendants SkyWest, Inc. and SkyWest Airlines, Inc. Plaintiff's complaint asserts seven legal claims against defendants on behalf of a "California Frontline Employee Class" and two subclasses. Dkt. No. 41. "Frontline employees" include ramp agents and other non-management employees in SkyWest's customer service department. *Id*. ¶ 2. Defendants have moved to dismiss the complaint under Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, raising ten separate grounds for dismissal. Dkt. No. 44, Notice of Motion, i-ii.

This is an unduly tangled thicket of claims and arguments. To cut through the brush, the Court needs to determine whether plaintiff and defendants were parties to a collective bargaining agreement ("CBA"). This question is central to most of the pending issues. Defendants argue, for example, that six of plaintiff's seven claims are preempted by the Railway Labor Act because resolution of those claims "would require the Court to interpret the parties' [collective bargaining agreement]." Dkt. No. 44 at 8-11. Another of defendants' arguments -- that plaintiff's shift trade theory in Claim Three fails because he was exempt from overtime under Wage Order 9, *id*. at 4-5 -- is also dependent on the existence of a collective bargaining agreement. *See Blackwell v. SkyWest Airlines, Inc.*, No. 06cv0307 DMS, 2008 WL 5103195, at *9 (S.D. Cal. Dec. 3, 2008)

("Wage Order 9 section (1)(E) exempts employers from California overtime wage requirements if their 'employees . . . have entered into a collective bargaining agreement under and in accordance with the [RLA], 42 U.S.C. Sections 151 et seq.'"); *see also Angeles v. US Airways, Inc.*, No. C 12-05860 CRB, 2017 WL 565006, at *1 (N.D. Cal. Feb. 13, 2017) (same).

The CBA determination turns on questions of fact that are ill-suited to a motion to dismiss. Plaintiff's complaint attaches as an exhibit a document the plaintiff refers to as the "2014 Customer Service Policy Manual," Dkt. No. 41 ¶ 2 & Dkt. No. 41-1, and the complaint includes numerous assertions about why the "Policy Manual is not a Collective Bargaining Agreement." Dkt. No. 41 ¶¶ 3, 31-41. Defendants for their part simply refer to that same document as a "CBA" in their motion to dismiss, Dkt. No. 44 at 2, and argue that plaintiff's challenge to "the CBA it has negotiated with SkyWest under the RLA has already been considered and rejected in *Blackwell*," 2008 WL 5103195. Dkt. No. 49 at 2.

*Blackwell* does not establish that the 2014 Customer Service Policy Manual here is a CBA. That decision was issued in December 2008, close to ten years before the amended complaint in this case was filed in June 2017, and the decision references a "Standard Practices" document which on its face does not sound identical to the "Customer Service Policy Manual" at issue here. *See* 2008 WL 5103195, at *9, *and compare with* Dkt. No. 41-1. Perhaps more importantly, our circuit has looked to facts -- to the "surrounding circumstances and the intentions of the parties" -- to determine if a plaintiff was a party to a "binding collective bargaining agreement." *Operating Engineers Pension Trust v. Gilliam*, 737 F.2d 1501, 1503-05 (9th Cir. 1984). That kind of inquiry is not possible or appropriate on a motion to dismiss brought under FRCP Rule 12.

Consequently, the Court denies defendants' dismissal arguments that are premised on the existence of a CBA between the parties. The Court also denies the remaining arguments that are not so conditioned, without prejudice to renewal at a later stage, if appropriate. Those arguments were presented in too cursory a form for meaningful resolution, such as defendants' barely-briefed argument that San Francisco's local minimum wage ordinance should be struck down as preempted by federal law, Dkt. No. 44 at 11-12, 15, or are otherwise not efficiently addressed at this stage of the case.

To move forward, the parties are directed to meet and confer on a schedule for summary judgment proceedings on the existence of a CBA, and agreements on discovery that is targeted to the CBA issue. The parties should file a proposed schedule by **June 15, 2018**. The parties are advised that duplicative cross-motions will not be accepted. For example, plaintiff should not file a summary judgment motion saying no CBA exists while defendants file a cross-motion saying one does, with the result that each side ends up filing opening and opposition briefs that make the same arguments. The Court will look to the parties in the first instance to agree upon an approach that avoids this problem. If they can't come up with one, the Court will order an approach.

As a dual track to this course of action, the Court refers the case to Magistrate Judge Elizabeth D. Laporte for a settlement conference. Judge Laporte will set the schedule for the conference.

**IT IS SO ORDERED.**

Dated: May 16, 2018

JAMES DONATO
United States District Judge