Amanda C. Sommerfeld (State Bar No. 185052)
asommerfeld@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone:    +1.213.489.3939
Facsimile:    +1.213.243.2539

Scott Morrison (SBN 320167)
scottmorrison@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121
Telephone:    +1.858.314.1200
Facsimile:    +1.844.345.3178

Patricia T. Stambelos (SBN 166998)
patricia@patriciastambelos.com
STAMEBLOS LAW OFFICE
543 Country Club Drive, Suite B209
Simi Valley, CA 93065
Telephone:    +1.805.578.3474
Facsimile:    +1.805.994.0199

Attorneys for Defendants
SKYWEST, INC. AND SKYWEST AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **CODY MEEK,**<br><br>　　　　　**Plaintiff,**<br><br>　　　v.<br><br>**SKYWEST, INC. and SKYWEST AIRLINES, INC.,**<br><br>　　　　　**Defendants.** | **Case No. 3:17-cv-01012-JD**<br><br>**DEFENDANTS SKYWEST, INC. AND SKYWEST AIRLINES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date:　　　　　March 7, 2019<br>Time:　　　　　10:00 a.m.<br>Judge:　　　　 Hon. James Donato<br>Courtroom:　　 11, 19th Floor |

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND ................................................................................................. 2

III.   STANDARD OF REVIEW ................................................................................ 3

     A.    Rule 12(b)(1) standard ........................................................................... 3

     B.    Rule 12(b)(6) Standard .......................................................................... 3

IV.   ARGUMENT ...................................................................................................... 4

     A.    This Court Lacks Jurisdiction To Hear Any Part of Plaintiff's Unpaid Wages Claim (Count 1), Missed-Meal-Period Claim (Count 2) Or MCO/QSP Claim (Count 7) Because Those Claims Are Preempted By The Railway Labor Act ............................................................................... 4

          1.    Plaintiff's Off-Schedule Theory In Count I Requires Interpretation of the CBA ................................................................. 5

          2.    Counts I and II Are Premised on the Underpayment of Wages and Are Thus Preempted Because Determining the "Regular Rate of Pay" Requires Interpretation of the CBA ...................... 6

          3.    Plaintiff's Local Minimum Wage Claim (Count VII) Is Also Preempted by the RLA ........................................................ 8

     B.    Counts 1, 4, 5, 6, And 7 In Plaintiff's FAC Fail To State Viable Claims And Must Be Dismissed Under Rule 12(b)(6) ............................................. 9

          1.    Plaintiff's Entire Count 1 Must Be Dismissed Because He Fails to Allege Facts Indicating a Violation of the Law .......................... 9

          2.    Plaintiff's Inaccurate Wage Statement Claims (Count IV) Must Be Dismissed Because They Are Derivative of Failed Claims, Are Time Barred, Or Impermissibly Seek A Double Recovery ..................... 10

          3.    Plaintiff's QSP/MCO Claims (Count VII) Must Be Dismissed Because They Are Either Insufficiently Pled (Count VII(a)), Or Confer No Right of Action (Count VII(b)) ............................... 12

          4.    All Of Plaintiff's Waiting-Time-Penalties Claims (Count VI) Must Be Dismissed Because They Are Purely Derivative Of Other Failed Claims ................................................................ 15

          5.    Plaintiff's Derivative UCL Claims (Count V) Must Be Dismissed Because They Are Wholly Dependent On Failed Claims ........................ 15

V.    CONCLUSION .................................................................................................. 15

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Bechtel Const., Inc. v. United Bhd. of Carpenters & Joiners of Am.*,
    812 F.2d 1220 (9th Cir. 1987).................................................................................................8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..........................................................................................................3, 4

*Bhd. of R.R. Trainmen v. Chicago R. & I. R. Co.*,
    35 U.S. 30 (1957) ...................................................................................................................4

*Board of Admin. v. Glover*,
    34 Cal. 3d 906 (1983) ..........................................................................................................12

*Calop Bus. Sys., Inc. v. City of L.A.*,
    614 F. App'x 867 (9th Cir. 2015) ..........................................................................................8

*Calop Bus. Sys., Inc. v. City of L.A.*,
    984 F. Supp. 2d 981 (C.D. Cal. 2013), *aff'd in pertinent part*, 614 F. App'x
    867 (9th Cir. 2015)..................................................................................................................8

*Chamber of Commerce of U.S. v. Bragdon*,
    64 F.3d 497 (9th Cir. 1995).....................................................................................................8

*Chrisanthis v. United States*,
    682 Fed. App'x 631 (9th Cir. 2017)........................................................................................3

*City of Burbank v. Lockheed Air Terminal Inc.*,
    411 U.S. 624 (1997) ...............................................................................................................4

*Fitz-Gerald v. SkyWest, Inc.*,
    155 Cal. App. 4th 411 (2007)...............................................................................................6, 7

*Green v. Fed. Express Corp.*,
    614 F. App'x 905 (9th Cir. 2015) .........................................................................................10

*Hawaiian Airlines, Inc. v. Norris*,
    512 U.S. 246 (1994) ...............................................................................................................5

*People ex rel. Harris v. Pac Anchor Transp., Inc.*,
    329 P.3d 180 (Cal. 2014) .......................................................................................................7

*Int'l Ass'n of Machinists, AFL-CIO v. Central Airlines, Inc.*,
   372 U.S. 682 (1963) ................................................................................................5

*Krusi v. Bear, Stearns & Co*,
   144 Cal. App. 3d 664 (1983) .................................................................................12

*Loos v. Immersion Corp.*,
   762 F.3d 880 (9th Cir. 2014) .................................................................................10

*Lu v. Hawaiian Gardens Casino, Inc.*,
   50 Cal. 4th 592 (2010) ..........................................................................................14

*McKinley v. Sw. Airlines Co.*,
   No. CV 15-02939, 2015 WL 2431644 (C.D. Cal. May 19, 2015), *aff'd*, No. 15-
   56010, 2017 WL 676597 (9th Cir. Feb. 21, 2017) (unpublished) ...........................7

*Montalvo v. Spirit Airlines*,
   508 F.3d 464 (9th Cir. 2007) ...................................................................................4

*Plotnik v. Meihaus*,
   208 Cal. App. 4th 1590 (2012) .............................................................................12

*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) .................................................................................3

*Saridakis v. United Airlines*,
   166 F.3d 1272 (9th Cir. 1999) .............................................................................4, 5

*See's Candy Shops, Inc. v. Superior Court*,
   210 Cal. App. 4th 889 (2012) .................................................................................9

*Thurman v. Bayshore Transit Mgmt., Inc.*,
   203 Cal. App. 4th 1112 (2012) .............................................................................14

**STATUTES**

45 U.S.C. § 151a ...........................................................................................................4

California Code of Civil Procedure § 340 ...................................................................11

Labor Code § 203 ...........................................................................................................2

S.F. ADMIN. CODE § 12P.10 .........................................................................................9

S.F. ADMIN. CODE § 12P.3(a) ...........................................................................2, 12, 14

1

**OTHER AUTHORITIES**

2

Federal Rule of Civil Procedure 8.................................................................................................3

3

Federal Rule of Civil Procedure Rule 12(b) ...................................................................... passim

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **NOTICE OF MOTION**

2    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE THAT on March 7, 2019, at 10:00 a.m. in Courtroom 11, 19th

4    floor of the above Court, located at 450 Golden Gate Avenue, San Francisco, California, the

5    Honorable James Donato presiding, Defendants SkyWest, Inc. and SkyWest Airlines, Inc.

6    ("SkyWest"), will and hereby do move this Court for an Order, pursuant to Rules 12(b)(1) and

7    12(b)(6) of the Federal Rules of Civil Procedure, dismissing the claims against them.

8    The Motion under Rule 12(b)(1) is made on the grounds that:

9    (i)    Plaintiff's Counts I should be dismissed because this Court lacks jurisdiction to

10   interpret a collective bargaining agreement under the Railway Labor Act;

11   (ii)    Plaintiff's Count II should be dismissed because this Court lacks jurisdiction to

12   interpret a collective bargaining agreement under the Railway Labor Act; and

13   (ii)    Plaintiff's Count VII should be dismissed because it is preempted by the Railway

14   Labor Act.

15   The Motion under Rule 12(b)(6) is made on the grounds that:

16   (i)    Plaintiff's Count I should be dismissed because no theory is sufficiently pled;

17   (ii)    Plaintiff's Count IV should be dismissed because it is derivative of failed claims,

18   is time barred, or impermissibly seeks double recovery;

19   (iii)    Plaintiff's Count VII should be dismissed because it is insufficiently pled, is not a

20   legitimate cause of action, or does not apply to Plaintiff;

21   (iv)    Plaintiff's Count VI should be dismissed because it is purely derivative of other

22   failed claims; and

23   (v)    Plaintiff's Count V should be dismissed because it is wholly dependent on failed

24   claims.

25

26

27

28

1   Dated: January 31, 2019                    Respectfully submitted,

2                                              Jones Day

3

4                                              By: /s/ *Amanda C. Sommerfeld*
                                                    Amanda C. Sommerfeld
5
                                               Counsel for Defendants
6                                              SKYWEST, INC. AND SKYWEST
                                               AIRLINES, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' MOTION TO DISMISS FAC
Case No. 3:17-cv-01012-JD

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

A year and a half ago, SkyWest Airlines, Inc. ("SkyWest") moved to dismiss all of Plaintiff Cody Meek's ("Plaintiff") wage claims, asserting multiple grounds for dismissal based on pleading deficiencies, lack of standing, a one-year statute of limitations, and preemption under federal law.  ECF No. 44.  SkyWest also argued that Plaintiff's derivative claims – for things like purportedly improper wage statements, late payment penalties, and unfair business practices – die along with the claims on which they are premised.  *Id.*  This Court denied without prejudice SkyWest's motion because it determined that it was first necessary to determine by motion for partial summary judgment whether there still existed a valid collective bargaining agreement ("CBA") between SkyWest and Plaintiff's bargaining representative, the SkyWest Airlines Frontline Association ("SAFA") under the Railway Labor Act ("RLA").  ECF No. 55.

On December 7, 2018, this Court found that Plaintiff is indeed bound by a CBA under the RLA.  This Court then dismissed Plaintiff's overtime claims (Count III) for the same reason that another federal Court threw out an identical overtime claim against SkyWest ten years earlier: "[b]ecause the Court finds that SkyWest is an interstate carrier, SAFA represents SkyWest's Agents, and SkyWest and SAFA formed a valid CBA pursuant to the RLA, SkyWest is exempt from state overtime laws."  ECF No. 90 at 5 (citation omitted).  With an RLA CBA firmly established, and overtime claims justly resolved, SkyWest again moves to dismiss Plaintiff's remaining claims on numerous grounds.

First, now that it's clear that SkyWest and SAFA have a valid CBA, claims that require interpretation of that CBA must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure because they are preempted, and this Court lacks jurisdiction to decide them. This disposes of Counts I, II, and VII.

Second, Counts I and VII fail to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure – as do Counts IV, V, and VI, which are entirely derivative of claims that otherwise fail to state a claim or are preempted.  Ultimately, none of Plaintiff's claims should survive, and this Court should grant SkyWest's motion and

DEFS.' MOTION TO DISMISS FAC
Case No. 3:17-cv-01012-JD

1    close this case.

2    II.    <u>BACKGROUND</u>

3          Plaintiff is a former ramp agent who worked for SkyWest at the San Francisco

4    International Airport ("SFO") from April 2013 to June 2015. First Amended Complaint ("FAC")

5    ¶ 13.  This Court has already decided that his employment was subject to a CBA known as the

6    Customer Service Policy Manual (the "CBA"), excerpts of which Plaintiff attached to his FAC

7    as Exhibit 1. *Id.* ¶¶ 2, 21-22, 38, 40, 43, Ex. 1. The employees of SkyWest's Customer Service

8    Department, also referred to as "frontline agents," include ramp agents like Plaintiff. FAC ¶ 2.

9          In the operative complaint, Plaintiff alleges a cumbersome myriad of counts, claims, and

10   theories. In the most simplified terms, SkyWest understands Plaintiff's theories to break down as

11   follows: 1) failure to pay straight time wages under the State's minimum wage law because

12   SkyWest "paid-to-a-schedule" and Plaintiff at times worked "off-schedule" – meaning, before or

13   after his scheduled work times and during short or missed meal breaks (Claim One); 2) failure to

14   "provide" compliant meal breaks because they were too late in the shift, or not 30 minutes long,

15   or missed entirely (Claim Two); 3) a failure to pay overtime (Claim Three)(now dismissed on

16   summary judgment); 4) a derivative failure to provide itemized wage statements because his pay

17   stubs purportedly did not include *all* wages due (Claim Four); 5) violations of California's Unfair

18   Competition Law ("UCL"), which are all premised on the other purported violations of the law

19   (Claim Five); 6) a derivative "waiting time penalties" claim under Labor Code section 203,

20   because Plaintiff was not timely paid for *all* wages purportedly due at the time of his termination

21   (Claim Six), and a failure to pay minimum wages in violation of San Francisco's Minimum

22   Compensation Ordinance ("MCO") and SFO's Quality Standards Program ("QSP") (Claim

23   Seven).[1]

24

25
_____
26         [1] This Court has previously described this action as "an unduly tangled thicket of claims
     and arguments."  ECF No. 55 at 1.  "To cut through the brush," *id.*, SkyWest has attached a chart
27   (Exhibit A) for use in evaluating SkyWest's arguments for dismissing each of Plaintiff's
     embedded sub-claims.  SkyWest refers to each of those subclaims throughout this brief by the
28   label assigned in the chart.  For example, the two claims that make up Count I are referred to as
     Count I(a) and Count I(b).  *See* Ex. A.

1

### III.   STANDARD OF REVIEW

2

   **A.   Rule 12(b)(1) standard.**

3

Under Federal Rule of Civil Procedure 12(b)(1), claims are subject to dismissal for lack of

4

subject matter jurisdiction. FED. R. CIV. P. 12(b)(1).  A jurisdictional attack may be facial or

5

factual, and, when resolving a factual attack, the court "may review evidence beyond the

6

complaint without converting the motion to dismiss into a motion for summary judgment." *See*

7

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  And if a claim is

8

preempted by federal law, the district court lacks jurisdiction to hear it.  *See Gallerson v. BNSF*

9

*Ry. Co.*, case no. C15-5821, 2016 WL 772926, at *2 n.1 (W.D. Wash. Feb. 29, 2016) (RLA

10

preemption argument "concern[ed] the lack of subject matter jurisdiction," and it "should be

11

analyzed under Rule 12(b)(1)"); *see also Chrisanthis v. United States*, 682 Fed. App'x 631, 632

12

(9th Cir. 2017) (finding that plaintiffs' claims were preempted by federal law and affirming

13

dismissal under 12(b)(1)).  Though a motion under Rule 12(b)(1) is brought by the defendant,

14

plaintiff "bears the burden of establishing subject matter jurisdiction." *Angeles v. U.S. Airways,*

15

*Inc.*, case no. 12-05860, 2013 WL 622032, at *3.

16

   **B.   Rule 12(b)(6) Standard**

17

Under Federal Rule of Civil Procedure 8, every complaint must contain "[a] short and

18

plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P.

19

8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 662, 678–79

20

(2009).  Although Rule 8 doesn't require detailed factual allegations, the properly pled claim

21

must contain enough facts to "state a claim to relief that is plausible on its face." *Twombly*, 550

22

U.S. at 570.  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me

23

accusation"; the facts alleged must raise the claim "above the speculative level." *Iqbal*, 556 U.S.

24

at 678.  A complaint must make direct or implicit allegations about "all the material elements

25

necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562

26

(quoting *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in

27

original).

28

District courts evaluate a complaint's sufficiency under a Rule 12(b)(6) motion to dismiss

1  with a two-step approach.  First, the court must accept as true all well-pled factual allegations in

2  the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.

3  *Iqbal*, 556 U.S. at 678–79.  Second, the court must consider whether the well-pled factual

4  allegations state a plausible claim for relief.  *Id*. at 679.  A claim is facially plausible when the

5  complaint alleges facts that allow the court to draw a reasonable inference that the defendant is

6  liable for the alleged misconduct.  *Id*.  A complaint that does not permit the court to infer more

7  than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled

8  to relief," and it must be dismissed.  *Twombly*, 550 U.S. at 570.

9  **IV.**    **ARGUMENT**

10          **A.    THIS COURT LACKS JURISDICTION TO HEAR ANY PART OF
               PLAINTIFF'S UNPAID WAGES CLAIM (COUNT 1), MISSED-MEAL-
11             PERIOD CLAIM (COUNT 2) OR MCO/QSP CLAIM (COUNT 7)
               BECAUSE THOSE CLAIMS ARE PREEMPTED BY THE RAILWAY
12             LABOR ACT.**

13          Airline service has a far-reaching impact on the economy and is, thus, heavily regulated at

14  the federal level, resulting in numerous limits on the application of state and local regulations to

15  air carriers.  *See Montalvo v. Spirit Airlines*, 508 F.3d 464, 471 (9th Cir. 2007) ("regulation of this

16  country's airspace has 'a history of significant federal presence'") (citation omitted); *City of

17  Burbank v. Lockheed Air Terminal Inc.*, 411 U.S. 624, 638–39 (1997) (regulation of the aviation

18  industry requires "a delicate balance between safety and efficiency" that led to Congressional

19  enactment of "a uniform and exclusive system of federal regulation").  The RLA is one such

20  federal limitation.

21          "Congress enacted the RLA to promote stability in labor-management relations by

22  providing a comprehensive framework for resolving labor disputes."  *Saridakis v. United Airlines*,

23  166 F.3d 1272, 1276 (9th Cir. 1999) (citation and quotation marks omitted); *see also* 45 U.S.C. §

24  151a (the purposes of the RLA including providing for "the prompt and orderly settlement of all

25  disputes concerning rates of pay, rules, or working conditions [and] of all disputes growing out of

26  grievances or out of the interpretation or application of agreements covering rates of pay, rules, or

27  working conditions . . . in the usual manner up to and including the chief operating officer of the

28  carrier designated to handle such disputes.'"  *Bhd. of R.R. Trainmen v. Chicago R. & I. R. Co.*, 35

U.S. 30, 33 (1957) (quoting 45 U.S.C. § 153).  State laws are preempted by the RLA if their resolution requires the interpretation of a collective bargaining agreement.  *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 261 (1994) (finding that state claims inextricably intertwined with the consideration of a collective bargaining agreement are preempted).  "[The] validity, interpretation, and enforceability [of collective bargaining agreements] cannot be left to the laws of the many States, for it would be fatal to the goals of the [RLA] if a contractual provision contrary to the federal command were nevertheless enforced under state law."  *Int'l Ass'n of Machinists, AFL-CIO v. Central Airlines, Inc.*, 372 U.S. 682, 691 (1963).  Here, Plaintiff's First Count – that he and other agents were underpaid straight time wages because SkyWest paid to a schedule and their hours were not 'corrected' when they worked "off-schedule – is preempted for two reasons.  First, he is directly attacking a negotiated term of the CBA. Second, the "regular rate of pay," which is the measurement of the alleged damages, requires interpretation of the CBA.

        **1.**     **Plaintiff's Off-Schedule Theory In Count I Requires Interpretation of the CBA**

Plaintiff alleges that he worked outside of his scheduled hours or during meal breaks but was nonetheless only paid for his *scheduled* hours, unless he requested and received supervisor approval. FAC ¶¶ 68-71, 73.[2]  But Plaintiff failed to allege that he ever notified his supervisor of "off-schedule" work and that his supervisor thereafter denied his request.  This pleading deficiency is discussed further below as a reason to dismiss this Count I under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

But this 'pay-to-the-schedule' plan that he complains was unlawful on its face was negotiated by his RLA representative and implicates federal preemption.  Furthermore (as discussed in Section B.1 below), that pay-to-the-schedule plan does *not* violate the law. But because Plaintiff's claim essentially challenges the legality of the reporting and pay mechanism negotiated and set forth in the CBA, his claim thus requires interpretation of the CBA and is

---

[2] To be clear, SkyWest does pay its employees for all hours worked – and the employees' CBA expressly provides a mechanism by which to ensure that they are fully compensated.  They also have a representative to whom they could bring any concerns or complaints, if their supervisor or SkyWest shirked their responsibilities to do so.

1   preempted. *Saridakis*, 166 F.3d at 1278 (claim requiring a court to evaluate the nature of a CBA

2   provision is preempted by the RLA); *Blackwell*, 2008 WL 5103195, at *13 (overtime claim

3   preempted where CBA provided "overtime applies to hours worked in 'excess of eight hours a

4   day, unless an employee is working an approved alternative workweek,'" because court would

5   have to interpret the meaning of the term "approved alternative workweek"); *Fitz-Gerald v.*

6   *SkyWest, Inc.*, 155 Cal. App. 4th 411, 423 (2007) (resolution of meal and rest break claims

7   required interpretation of CBA because CBA limited when employees could take breaks). His

8   off-schedule theory in Count I is thus preempted by the RLA, this Court lacks jurisdiction to

9   decide it, and SkyWest's motion should be granted.

10
11
        **2.   Counts I and II Are Premised on the Underpayment of Wages and Are
        Thus Preempted Because Determining the "Regular Rate of Pay"
        Requires Interpretation of the CBA**

12      Plaintiff's claim that SkyWest failed to pay for "off-schedule" work (regardless of

13   whether or not a supervisor was informed that the off-schedule work was performed) seeks the

14   payment of straight time wages that must be calculated based on the regular rate of each

15   employee's pay.  So too does his claim that frontline agents worked through some or all of their

16   meal breaks without proper compensation.  These Counts I and II are thus preempted because

17   they require interpretation of the CBA to determine each frontline agent's "regular rate of pay."

18      Indeed, what any frontline agent's regular rate of pay was at any point in time when he or

19   she purportedly worked "off-schedule" or through a meal period without pay is far from obvious.

20   This is because, as Plaintiff expressly alleges, the rate of pay changes based on the hours worked.

21   FAC ¶ 61.  The starting point for determining any individual's "pay scale" begins with

22   understanding the pay "categories" and "steps" set forth in the CBA.  ECF No. 41-1 at 24–25.

23   Then, certain agents receive specific "overrides" based on types of assignment, and, in some

24   cases, while doing certain tasks (e.g., attending a CST Conference or "actively training" others).

25   *Id*. at 25. An employee's step level increases based on the accumulation of hours worked—

26   meaning that Plaintiff's off-schedule theory in Count 1 directly implicates the pay rate.  The CBA

27   also defines when pay rate changes are "effective" and how pay is affected by "transfers" from

28   other SkyWest departments or affiliate airlines.  *Id.* at 26.  To make matters more complex, SAFA

1   and SkyWest frequently negotiate and agree to modify their CBA in a piecemeal fashion. This

2   means that depending on exactly when the "unpaid" hours were worked by each agent, different

3   rates, scales, or categories may apply.

4        California courts have repeatedly held that claims for failure to pay straight or overtime

5   wages, or missed-meal-period premiums are preempted by the RLA because resolving such

6   claims requires interpretation of an RLA CBA to determine the plaintiff's regular rate of pay. *See*

7   *Blackwell v. SkyWest Airlines, Inc.*, case no. 06-cv-0307 DMS (AJB), 2008 WL 5103195, at *12

8   (S.D. Cal. Dec. 3, 2008); *Fitz-Gerald*, 155 Cal. App. 4th at 423 *disapproved of on other grounds*

9   *in People ex rel. Harris v. Pac Anchor Transp., Inc.*, 329 P.3d 180, 187 (Cal. 2014).  The

10  *Blackwell* court, in evaluating identical claims against SkyWest, found that, "[g]iven the many

11  applicable pay rates, categories, and differentials, any attempt to determine whether, when, and

12  how much compensation is owed to [Plaintiff] *necessarily* requires an interpretation of the CBA's

13  provisions.  Similarly, the meal and rest period violations would require an interpretation of the

14  CBA to calculate the penalty for such violations [at one] hour of pay at the employee's regular

15  rate of compensation." *Blackwell*, 2008 WL 5103195, at *12 (internal citation and quotations

16  omitted) (emphasis added).

17       This Court declined to rely on *Blackwell* when it previously entertained SkyWest's motion

18  to dismiss because it was not convinced of the existence of an RLA CBA.  ECF No. 44 at 2.  But

19  that issue has been laid to rest, and SkyWest has proved that Plaintiff is bound by an RLA CBA.

20  ECF No. 90 at 5.  Resolving Plaintiff's unpaid-wages claims (Count I) and missed-meal-period

21  claim (Count II) requires this Court to interpret the CBA to determine—at a minimum—the

22  "regular rate of compensation," which is a question that "no . . . court would have jurisdiction to

23  determine." *Blackwell*, 2008 WL 5103195, at *10; *see also Fitz-Gerald*, 155 Cal. App. 4th at 421

24  (court "could not determine the regular rate of compensation without interpreting the CBA"

25  where CBA provided a range of hourly rates applicable in various circumstances); *McKinley v.*

26  *Sw. Airlines Co.*, No. CV 15-02939, 2015 WL 2431644, at *8 (C.D. Cal. May 19, 2015) (RLA

27  preemption of overtime claim where determining regular rate of pay "involve[d] many different

28  CBA provisions"), *aff'd*, No. 15-56010, 2017 WL 676597 (9th Cir. Feb. 21, 2017) (unpublished).

DEFS.' MOTION TO DISMISS FAC
Case No. 3:17-cv-01012-JD

This Court should now reach the same conclusion that the *Blackwell* Court did and dismiss Plaintiff's unpaid-wages and missed-meal-period claims (Counts I and II).  And because any further amendment would be futile in light of the need to interpret the RLA CBA, dismissal of those claims should be with prejudice.

### 3. Plaintiff's Local Minimum Wage Claim (Count VII) Is Also Preempted by the RLA

In addition to his state minimum wage claim, Plaintiff brings a claim under San Francisco's MCO and QSP alleging that he was entitled to hourly wage rates of $12.93 in 2013, $13.16 in 2014, and $13.52 in 2015, but was never paid at a rate over $12.50. FAC ¶ 62. As explained below in Section B.3, Plaintiff lacks standing to bring this claim. Even if this were not the case, though, his claim would still be preempted by the RLA and subject to dismissal.

First, the QSP impermissibly limits the collective bargaining process by requiring that any agreement between air carriers and airport workers provide a wage rate "at least equal to the QSP compensation rate." QSP § IV. While the RLA does not preempt "local laws that…impose substantive requirements while permitting employers and unions to bargain around them," *Calop Bus. Sys., Inc. v. City of L.A.*, 614 F. App'x 867, 870 (9th Cir. 2015), a law that does not allow for waiver "dictates the outcome" of the collective bargaining process, "frustrate[s] the purpose of the RLA," and is thus preempted. *See Calop Bus. Sys., Inc. v. City of L.A.*, 984 F. Supp. 2d 981, 1009 (C.D. Cal. 2013) (local minimum wage ordinance not preempted because it allowed for waiver) , *aff'd in pertinent part*, 614 F. App'x 867, 870 (9th Cir. 2015); *see also Bechtel Const., Inc. v. United Bhd. of Carpenters & Joiners of Am.*, 812 F.2d 1220, 1225 (9th Cir. 1987) (attempt to enforce state wage standards against collectively-bargained lower wage rate was preempted by NLRA); *Chamber of Commerce of U.S. v. Bragdon*, 64 F.3d 497, 504 (9th Cir. 1995) (local living wage ordinance applicable to contractors on public works projects was preempted by the NLRA).[3] Because the QSP purports to dictate wages and does not allow employees and unions to bargain around or waive its requirements, it is therefore preempted.

---

[3] This is a separate form of RLA preemption than that which applies to bar claims that would require *interpretation* of a CBA; this form of preemption bars application of laws that would frustrate the *purpose* of the RLA and dictate collective bargaining outcomes. *See Calop Bus. Sys. Inc.*, 984 F. Supp. 2d at 1009-1010 (discussing three situations in which RLA preemption applies).

DEFS.' MOTION TO DISMISS FAC
Case No. 3:17-cv-01012-JD

1    While the MCO, which allows employers and unions to waive its requirements, *see* S.F.

2    ADMIN. CODE § 12P.10, is not vulnerable to the same preemption argument, Plaintiff's claim still

3    fails because SkyWest and SAFA took advantage of that waiver option in December 2012, when

4    they entered into a CBA Addendum waiving application of local minimum wage ordinances.

5    ECF No. 44-4. Thus, Count VII must be dismissed on its face for this additional reason, under

6    Rule 12(b)(6).  Moreover, even if the Court were to determine Plaintiff's claim is plausible on its

7    face despite the waiver, the claim remains preempted because any determination of Plaintiff's

8    hourly rate will require application and interpretation of the CBA, as discussed above, in the

9    context of the first form of RLA preemption. *See supra* Section A.2.

**B.    COUNTS 1, 4, 5, 6, AND 7 IN PLAINTIFF'S FAC FAIL TO STATE VIABLE CLAIMS AND MUST BE DISMISSED UNDER RULE 12(B)(6).**

**1.    Plaintiff's Entire Count 1 Must Be Dismissed Because He Fails to Allege Facts Indicating a Violation of the Law.**

13    In Count 1, Plaintiff alleges that SkyWest failed to pay minimum wages in violation of

14    California law because it failed to compensate Plaintiff for work performed beyond the scheduled

15    shift, including pre- and post-shift work (Count I(a)) and work performed during missed or short

16    meal breaks (Count I(b)).  ECF No. 41 at 24, ¶ 91.  As alleged, these claims fail as a matter of

17    law.

18    As SkyWest explained in both of its prior Motions to Dismiss, California law permits

19    employers to require employees to take extra steps to report, and receive compensation for, work

20    performed outside of scheduled shifts.  ECF No. 35 (First MTD) at 8[4] (citing *Porch v.*

21    *Masterfoods, USA, Inc.*, 685 F. Supp. 2d 1058, 1066–67 (C.D. Cal. 2008) (dismissing plaintiff's

22    overtime claim where he did not allege that he worked *and reported* overtime, despite policy

23    allowing him to do so); *White v. Starbucks Corp.*, 497 F. Supp. 2d 1080 (N.D. Cal. 2007) (same);

24    *Jong v. Kaiser Found. Health Plan, Inc.*, 226 Cal. App. 4th 391, 399 (2014) (employer not liable

25    for unpaid off-the-clock work where employee never reported work to employer despite policy

26    requiring employees to do so)); *see also* ECF No. 44 at 12 (same).  Nor is there anything

27    inherently improper about a policy that allows employees to clock in shortly before their shift but

28    _____

[4] Pin-cites are to the ECF page number rather than the page number in the footer.

1   does not require them to begin work until their shift begins. See, e.g., *See's Candy Shops, Inc. v.*

2   *Superior Court*, 210 Cal. App. 4th 889, 909 (2012) (grace period policy similar to SkyWest's

3   alleged early clock in policy did not amount to a per se violation); *Angeles*, 2017 WL 587658, at

4   *3 (no liability for unpaid time under grace period policy where employees used uncompensated

5   pre-shift time for personal activities); *see also Green v. Fed. Express Corp.*, 614 F. App'x 905

6   (9th Cir. 2015) (applying federal law).  Plaintiff has had multiple opportunities to plead

7   allegations sufficient to establish an unlawful pay practice but has repeatedly failed to allege facts

8   establishing that the alleged pay-to-the-schedule plan is somehow distinguishable from the

9   permissible policies in any of the cited cases.  Instead, his allegations merely reveal that the

10  alleged practice simply does not violate the law.

11      As SkyWest has also previously pointed out, Plaintiff's Complaints conspicuously lack

12  allegations that he reported and sought approval for any of his allegedly uncompensated work, let

13  alone that he did so and was refused payment. *See* ECF No. 44 at 12–13. Without such

14  allegations, even taking Plaintiff's FAC at face value, he has not alleged a viable claim for

15  uncompensated time.  *Id*. (citing *Forrester v. Roth's I. G. A. Foodliner, Inc*., 646 F.2d 413, 414

16  (9th Cir. 1981) (noting that under the FLSA, "where an employer has no knowledge that an

17  employee is engaging in overtime work and that employee fails to notify the employer . . . the

18  employer's failure to pay for the overtime hours is not a violation"); *White*, 497 F. Supp. 2d at

19  1083 ("To prevail on his off-the-clock claim, [employee] must prove [employer] had actual or

20  constructive knowledge of his alleged off-the-clock work."); *Jong*, 226 Cal. App. 4th at 399 (no

21  liability for unpaid time where employee failed to report such time)). Despite being on notice of

22  this deficiency from SkyWest's two prior motions to dismiss, Plaintiff has elected not to amend

23  his Complaint further.  As a result, all of Count I should be dismissed—with prejudice.  *Loos v.*

24  *Immersion Corp.,* 762 F.3d 880, 890 (9th Cir. 2014).

25          **2.     Plaintiff's Inaccurate Wage Statement Claims (Count IV) Must Be
            Dismissed Because They Are Derivative of Failed Claims, Are Time
26          Barred, Or Impermissibly Seek A Double Recovery.**

27      Plaintiff's claims of inaccurate wage statements (collectively, Count IV) must all be

28  dismissed.  First, all of Plaintiff's wage-statement claims are derivative of other claims, which

DEFS.' MOTION TO DISMISS FAC
Case No. 3:17-cv-01012-JD

- 10 -

have either been resolved in SkyWest's favor or are subject to dismissal.  Second, to the extent

Plaintiff seeks penalties for the alleged inaccurate wage statements, he is time barred.  And third,

to the extent Plaintiff seeks damages for the wage statements, he impermissibly seeks to doubly

recover those damages.

>                    **(a)      Plaintiff's wage-statement claims are derivative of other failed
>                              claims and therefore must be dismissed.**

This Court previously resolved all parts of Plaintiff's overtime claim (Count III) in

SkyWest's favor.  ECF No. 90 at 5.  Accordingly, Plaintiff may no longer assert any inaccurate-

wage-statement claim based on SkyWest's alleged failure to pay overtime (Count IV(c)).

Additionally, Plaintiff's claims of underpayment for off-schedule work and missed or short meal

periods (collectively, Count I) must be dismissed because, as shown in Sections A(1)–(2) and

B(1), they are preempted by the RLA and are also insufficiently pled.  Plaintiff's wage-statement

claims that depend on Count I (Counts IV(a) and IV(b)) must therefore be dismissed, as they fall

with Count I.  All of Plaintiff's wage-statement claims are derivative of other failed claims, so

they must all be dismissed.

>                    **(b)      Plaintiff's wage-statement claims are time barred to the extent
>                              he seeks penalties.**

California Code of Civil Procedure § 340 is a one-year statute of limitations for "[a]n

action upon a statute for a penalty . . . ."  C.C.P. § 340.  In Count IV, Plaintiff seeks penalties for

inaccurate wage statements based on the underpayment of wages for work performed off schedule

(Count IV(a)(ii)) and during a short or missed meal period (Count IV(b)(ii)).  FAC at 27, ¶¶ 114,

117.  Plaintiff admits that his employment with SkyWest ended in June 2015.  *Id*. ¶ 13.  But he

filed this action in February 2017—eight months after the limitations period expired.  ECF No. 1.

Plaintiff's claims of inaccurate wage statements must therefore be dismissed to the extent they

seek penalties.  And because Plaintiff cannot possibly allege facts to cure his untimeliness,

dismissal should be with prejudice.

>                    **(c)      Plaintiff's wage-statement claims seek an impermissible double
>                              recovery to the extent he seeks damages.**

In its initial motion to dismiss, SkyWest asserted the statute-of-limitations defense to

Plaintiff's derivative inaccurate-wage-statement claim.  ECF No. 35 at 9.  In an apparent effort to

avoid this barrier, Plaintiff now alleges that he suffered unspecified "actual injuries" as a result of

SkyWest's failure to provide accurate and complete wage statements and seeks to recover not only statutory penalties—subject to the one-year statute of limitations—but also "actual damages." FAC ¶¶ 115, 117. But the only actual damages that he identifies are the "lost 'off the clock' wages and interest on wages not timely paid," *id.* ¶ 117, which do not constitute separate, actual injuries caused by SkyWest's wage statements. Rather, these are duplicative of the damages Plaintiff seeks under Counts I, II, and the now-defunct III, which cannot be recovered twice. *See Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1612 (2012) ("Double or duplicative recovery for the same items of damage amounts to overcompensation and is therefore prohibited."); *Krusi v. Bear, Stearns & Co*, 144 Cal. App. 3d 664, 673 (1983) (prohibiting "double recovery for the same wrong"); *Board of Admin. v. Glover*, 34 Cal. 3d 906, 915–16 (1983) ("duplicate recovery of damages is barred"). Thus, Plaintiff's wage statement claim is a purely derivative one on which he can recover only statutory penalties. But because his request for penalties is time barred, all theories and requests for relief associated with Count IV must be dismissed.

**3.    Plaintiff's QSP/MCO Claims (Count VII) Must Be Dismissed Because They Are Either Insufficiently Pled (Count VII(a)), Or Confer No Right of Action (Count VII(b)).**

Plaintiff's seventh cause of action is one for "failure to pay minimum wages in violation of San Francisco Minimum Compensation Ordinance." FAC at 31. But, like the rest of his FAC, Count VII is far from a model of clarity, and his allegations conflate San Francisco's Minimum Compensation Ordinance ("MCO") and San Francisco Airport's Quality Standards Program ("QSP"). *See, e.g.*, *id.* ¶¶ 132, 134, 136. The MCO and QSP are two separate rules: one statutory and one regulatory. Plaintiff's claim under the MCO (Count VII(a)) is fatally flawed—once again—because it still fails to allege that he exhausted his administrative remedies as required by the statute. And the QSP does not extend a private right of action, so Plaintiff's claim, to the extent it relies on the QSP (Count VII(b)), must also be dismissed.

**(a)    Plaintiff has not alleged that he exhausted his administrative remedies as required by the MCO, so his claim under it must be dismissed.**

The MCO requires Contractors (employers who are subject to it) to pay Covered

Employees an enumerated minimum hourly rate, which increases each year. S.F. ADMIN. CODE § 12P.3(a). If a Contractor violates the MCO, the Office of Labor Standards Enforcement (the "Agency") may do any of the following: charge the Contractor penalties, set off amounts owed by the City of San Francisco to the Contractor, terminate the contract, bar the "Contractor from entering into future contracts with the City for three [] years," or "bring a civil action against the Contractor." *Id.* at 12P.6(c)(1–3, 5–6). A Covered Employee, on the other hand, may pursue legal action "*only after* the Covered Employee has provided the notice and participated in the administrative hearing provided in [the statute]." *Id.* at § 12P.6(d) (emphasis added). And even if the Covered Employee participates in the administrative hearing, the employee still does not have an automatic right to bring suit:

> Upon the issuance of a written decision finding a breach, and after a waiting period of [21] days, the Covered Employee may bring an action against the Contractor for such breach in the Superior Court of the State of California, as appropriate, *unless* the City has commenced an action against the Contractor based on the breach, or obtained compliance, within the [21]-day waiting period and provided notice to the Covered Employee of the action.

*Id.* (emphasis added). A Covered Employee may therefore sue under the MCO only if the employee: (1) provides notice of the breach to the Contractor and the Agency; (2) participates in the administrative review hearing; (3) wins at the administrative hearing; (4) waits 21 days from the date of issuance from the decision; and (5) has not received notice of an action filed by the City by the end of the 21-day waiting period. *Id.*

Here, despite that SkyWest has identified the MCO's exhaustion requirement in two prior motions, Plaintiff still has not pled exhaustion of his administrative remedies. He should not get a third bite at the apple, and this Court should dismiss this MCO-based sub-claim (Count VII(a)) with prejudice.

### (b) Count VII(a) also fails because SAFA waived application of the MCO as a term in the CBA.

Plaintiff's MCO-based sub-claim also fails because SAFA waived application of the MCO. The MCO allows employees and unions to waive its requirements, *see* S.F. ADMIN. CODE § 12P.10, and SAFA did so when it entered into a CBA Addendum with SkyWest in December 2012 that waives application of local minimum wage ordinances. ECF No. 44-4. Plaintiff, as an

1   employee represented by SAFA, may therefore not rely on the MCO as a basis to sue SkyWest.

2   Thus, this claim must be dismissed with prejudice under Rule 12(b)(6) because Plaintiff is unable

3   to allege any facts that would allow him to overcome this obstacle.

4   (c)   **Count VII(b) fails because the QSP does not provide for a private right of action.**

5   As for Count VII's QSP-based sub-claim (Count VII(b)), California courts are clear that

6   not every violation of a statute "necessarily give[s] rise to a private cause of action." *Lu v.*

7   *Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 596 (2010).  "Instead, whether a party has a

8   right to sue depends on whether the Legislature has 'manifested an intent to create such a private

9   cause of action' under the statute." *Id.* (quoting *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46

10  Cal. 3d 287, 305 (1988)).  A private right of action exists only if statutory language or legislative

11  history affirmatively indicates an intent to create such a right, which need not necessarily be

12  expressed explicitly, but must at least be "strongly implied." *Thurman v. Bayshore Transit*

13  *Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1132 (2012).

14  Unlike the MCO, the QSP does not indicate an intent to establish a private right to sue for

15  violations, but instead allows that, upon "receipt of any notice of non-compliance with the

16  Program," the *Airport itself* may "exercise all remedies available to *it*, including but not limited to

17  . . . restitution for employee back pay."  QSP § VI(D) (March 1, 2016), *available at*

18  http://media.flysfo.com/media/Quality-Standards-Program-2016.pdf (emphasis added).  Rather

19  than strongly implying a private right of action, this strongly suggests that the QSP *does not*

20  create a private right of action.  First, it authorizes the Airport to recover wages owed to

21  employees, which it specifically refers to as restitution, while making no reference at all to the

22  right of the employees themselves to recover those same wages as damages or otherwise.

23  Second, though the San Francisco Airport Commission ("SFAC") was clearly aware of the MCO

24  when it drafted the QSP, *see, e.g.*, QSP § II ("Compensation and Benefits: Minimum hourly wage

25  is at all times $0.50 an hour above the current [MCO] rate."), it failed to include any third-party

26  beneficiary language such as was included in the MCO, or any administrative procedure under

27  which employees can report and pursue alleged violations of the QSP.  Because the SFAC chose

28  not to include any such provisions and assigned to the Airport the sole right to seek remedies, it is

DEFS.' MOTION TO DISMISS FAC
Case No. 3:17-cv-01012-JD

clear that the SFAC did not intend to create a private right of action.

Plaintiff therefore cannot assert a claim under either the QSP or the MCO, and the Court should dismiss Plaintiff's entire Seventh Count for lack of standing.  And because this standing issue cannot be overcome by amendment, dismissal should be with prejudice.

**4.     All Of Plaintiff's Waiting-Time-Penalties Claims (Count VI) Must Be Dismissed Because They Are Purely Derivative Of Other Failed Claims.**

Under Labor Code section 203, all wages due must be paid at the time of separation, or the wages "continue" as a penalty for up to thirty days.  CAL. LAB. CODE § 203.  Plaintiff's claims for "waiting time penalties" under Labor Code section 203 essentially mirror his claims for inaccurate wage statements.  In his view, SkyWest failed to pay him for all of the wages it owed him at the time of his separation from employment, because of the off-schedule work (Count VI(a)), missed or short meal periods (Count VI(b)), and overtime (Count VI(c)).  Because this Court has resolved all of Plaintiff's overtime claims in SkyWest's favor, *see* ECF No. 90 at 5, he may no longer rely on them to buttress Count VI(c), and it must be dismissed with prejudice. Additionally, as shown in Sections A.1–2 and B.1, Plaintiff's claims of underpayment for work performed off schedule (Count I(a)) or as a result of missed or short meal periods (Count I(b)) are preempted by the RLA and, in any event, are insufficiently pled.  Because those claims fail, the derivative waiting-time-penalty claims (Counts VI(a) and VI(b)) must also fail.  Accordingly, none of Plaintiff's claims in Count VI survive dismissal, and the entire Count must be dismissed with prejudice.

**5.     Plaintiff's Derivative UCL Claims (Count V) Must Be Dismissed Because They Are Wholly Dependent On Failed Claims.**

Plaintiff's UCL claims (collectively Count V) are entirely derivative of other claims— most of which are derivative themselves.  For the reasons argued and shown throughout this motion, every single one of Plaintiff's substantive claims is worthy of dismissal.  That means every single one of Plaintiff's UCL claims (Count V) should also be dismissed.

**V.     CONCLUSION**

For the reasons set forth above, SkyWest's Motion should be granted and the remaining claims should be dismissed.

DEFS.' MOTION TO DISMISS FAC
Case No. 3:17-cv-01012-JD

1

2    Dated: January 31, 2019                          Respectfully submitted,

3                                                     Jones Day

4

5                                                     By: */s/ Amanda C. Sommerfeld*
                                                          Amanda C. Sommerfeld

6
                                                     Counsel for Defendants
7                                                    SKYWEST, INC. AND SKYWEST
                                                     AIRLINES, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' MOTION TO DISMISS FAC
Case No. 3:17-cv-01012-JD