UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY MEEK,<br><br>    Plaintiff,<br><br>v.<br><br>SKYWEST, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-01012-JD<br><br>**ORDER RE MOTION TO DISMISS AND MOTION FOR CLARIFICATION**<br><br>Re: Dkt. Nos. 91, 94 |

This is a wage-and-hour putative class action brought by plaintiff Cody Meek, a former ramp agent at San Francisco International Airport, against his former employers, defendants SkyWest, Inc., and SkyWest Airlines, Inc. ("SkyWest"). In a prior order, the Court found that plaintiff and defendants were parties to a collective bargaining agreement ("CBA") under the Railway Labor Act, 45 U.S.C. § 151 et seq. ("RLA"). Dkt. No. 90. The Court now resolves defendants' motion to dismiss plaintiff's amended complaint, Dkt. No. 94, and plaintiff's motion for clarification, Dkt. No. 91, which asks for guidance on the scope of the partial summary judgment order against him in light of the CBA.

**DISCUSSION**

**I.    COUNTS I & II: MINIMUM WAGES AND MEAL BREAK CLAIMS**

Meek's first and second claims allege a failure to pay minimum wages in violation of California law, and missed or shorter meal breaks. Dkt. No. 41 ¶¶ 86-104. Meek asserts that SkyWest paid its employees as they were scheduled to work rather than according to the times they actually worked (*i.e.*, they paid "to the schedule") and SkyWest thus failed to "pay working hours from punch-in to punch-out, pay for meal breaks that were either not actually able to be taken or shorter than required, and pay for working beyond the scheduled shift when required by the airline's needs." *Id*. ¶¶ 91, 93. Meek alleges that these practices violated several different

1  sections of the California Labor Code. Meek also alleges that "SkyWest violated Labor Code
2  §§ 226.7 and 512 by automatically deducting exactly 30 minute meal breaks when plaintiff and
3  class members were unable to be relieved of their duties for a full 30-minute meal break during a
4  shift in excess of 5 hours." *Id.* ¶ 100.

SkyWest says that these claims are preempted by the RLA. Dkt. No. 94 at 4-8. The point is not well taken. SkyWest relies heavily on *Blackwell v. SkyWest Airlines, Inc.*, No. 06-cv-0307 DMS (AJB), 2008 WL 5103195 (S.D. Cal. Dec. 3, 2008), and *Fitz-Gerald v. SkyWest Airlines, Inc.*, 155 Cal. App. 4th 411 (2007). This is odd because those decisions pre-date by approximately a decade the controlling opinion in *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904 (9th Cir. 2018) (en banc). *Schurke* provides a rule on RLA preemption that is adverse to Sky West's position in this case. That may be why SkyWest mentions it only once in a reply brief, with little meaningful discussion or analysis. The apparently intentional neglect of an on-point circuit decision is troubling and borders on a mischaracterization of governing law. This is all the more true because *Schurke* and the circuit cases that have followed demonstrate that there is no RLA preemption of plaintiff's first and second claims here. SkyWest and its counsel at the Jones Day law firm are advised not to engage in such unprofessional conduct in the future, or sanctions may be imposed.

In *Schurke*, the circuit determined, en banc, that a state law labor claim is preempted by the RLA in only two circumstances. The first is when the claim seeks purely to vindicate a right or duty created by a collective bargaining agreement itself, that is, when "the CBA is the 'only source' of the right the plaintiff seeks to vindicate." 898 F.3d at 920-21. The second is when the state law claim is not "grounded in a CBA in the sense just explained," but nonetheless "requires interpretation of a CBA, such that resolving the entire claim in court threatens the proper role of grievance and arbitration." *Id.* at 921. "Interpretation" is to be "construed narrowly; it means something more than 'consider,' 'refer to,' or 'apply.'" *Id.* (quotation omitted). If a state law claim "depends on a dispute over the meaning of a CBA, it is only 'to that degree preempted.'" *Id.* at 922. The circuit emphasized that RLA §301 preemption is driven not by substantive conflicts in law, but is instead "grounded in the need to protect the proper *forum* for resolving

certain kinds of disputes (and, by extension, the substantive law applied thereto)," and so is, in effect, "a kind of 'forum' preemption." *Id*. (emphasis in original).

SkyWest says that "plaintiff's claim essentially challenges the legality of the reporting and pay mechanism negotiated and set forth in the CBA," and so "requires interpretation of the CBA." Dkt. No. 94 at 5. That is the wrong approach. "The plaintiff's claim is the touchstone of the § 301 preemption analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim. Therefore, a defense based on a CBA does not give rise to preemption." *Dent v. Nat'l Football League*, 902 F.3d 1109, 1116 (9th Cir. 2018) (quotations omitted). When plaintiff's "pay-to-the-schedule" claim is examined as pled, as it must be, it does not seek to "vindicate a right or duty created by the CBA itself," *Schurke*, 898 F.3d at 921, and the need to interpret the CBA does not "inhere in the nature of the plaintiff's claim." *Dent*, 902 F.3d at 1116.

Nor are plaintiff's claims preempted "because determining the 'regular rate of pay' requires interpretation of the CBA." Dkt. No. 94 at 6. SkyWest says that determining "what any frontline agent's regular rate of pay was at any point in time when he or she purportedly worked 'off-schedule' or through a meal period without pay is far from obvious," *id*., and would require a slog through mountains of data about pay categories, steps and overrides, inter-department transfers, and other details, *id*. at 6-7. But SkyWest misses the point. It has still established only that the Court will have to "refer to" or "apply" the CBA, not "interpret" it. *Schurke*, 898 F.3d at 921. SkyWest's RLA preemption arguments are consequently denied.

SkyWest's theories for dismissal of Meek's first claim under Federal Rule of Civil Procedure 12(b)(6) also fall short. Dkt. No. 94 at 9-10. SkyWest says that the complaint "conspicuously lack[s] allegations that he reported and sought approval for any of his allegedly uncompensated work, let alone that he did so and was refused payment." *Id*. at 10. But this again fails to take on the claim as it is actually pleaded. Meek has alleged, among other things, that he "frequently worked time which was wholly uncompensated, including punching in early (to avoid being even a minute late), 'unapproved' missed meal breaks when he was unable to be completely relieved of his work duties due [to] incoming or outgoing flights, and times when he was not able to leave as scheduled due to the Frontline Employees being short-staffed at the end of his

3

workday." Dkt. No. 41 ¶ 68. He has also alleged that, "[l]ike all SkyWest Frontline Employees, [he] was required to review and authorize that all of his time records were correct and accurate in DayForce. Any early check-in, lunch break not taken, late clock-out or additional time not originally [scheduled] required a written explanation to his supervisor. As was common with other employees, Mr. Meek's additional working time was often not approved by the supervisor for wages." *Id*. ¶ 73. These non-conclusory allegations of fact are sufficiently detailed and plausible to push plaintiff's first claim over the threshold set in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 678 (2009).

## II. COUNT III: OVERTIME CLAIM

After finding the existence of a CBA, the Court granted summary judgment to SkyWest on Meek's third claim for overtime, based on the exemption in California Industrial Welfare Commission Order No. 9-2001 § 1(E). Dkt. No. 90 at 4-5. Meek now asks "whether [the] summary judgment of his Third Claim is limited to claims made under Wage Order 9, and whether his overtime claims under the Labor Code are still to be litigated." Dkt. No. 91 at 4. SkyWest filed no response to Meek's motion. It mentioned it in a footnote in its motion to dismiss reply brief, Dkt. No. 96 at 1 n.1, but that footnote does not explain why or how the Wage Order exemption disposes of Meek's overtime claim to the extent it is asserted under the California Labor Code. SkyWest suggests only that the industry-specific Wage Orders "supplement the California Labor Code," and that "there is no 'conflict' between Wage Order 9 and the Labor Code that needs to be harmonized." *Id*.

The actual language of the exemption in Wage Order 9 states that "*this order* shall not be deemed to cover those employees who have entered into a collective bargaining agreement under and in accordance with the provisions of the Railway Labor Act, 45 U.S.C. Sections 151 et seq." California Industrial Welfare Commission Order No. 9-2001 § 1(E) (emphasis added). As such, while it exempts SkyWest from having to comply with any obligations imposed by Wage Order 9, it simply does not speak to employer's obligations or employees' rights under California Labor Code Sections 510, 511, 514 and 1194, which Meek has invoked in his third claim for relief. Consequently, the partial summary judgment on Meek's third claim is limited to overtime wages

4

1  under Wage Order 9.  SkyWest has not presented a good reason to preclude Meek's claims for
2  overtime under the state Labor Code.

### III. COUNTS IV, V AND VI: INACCURATE WAGE STATEMENT, UNFAIR COMPETITION AND WAITING TIME PENALTIES CLAIMS

Meek's fourth, fifth and sixth claims for inaccurate wage statements, unfair competition and waiting time penalties are derivative of his other claims.  *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1150 n.3 (9th Cir. 2019).  To the extent SkyWest argues they must be dismissed because the claims on which they are based are deficient, dismissal is denied.

For Meek's wage statement claim, SkyWest says that any claim for statutory penalties is time-barred because Meek did not file his complaint until after the one-year statute of limitations under California Code of Civil Procedure §340 had already expired.  Dkt. No. 94 at 11.  Meek clarifies in his opposition brief that he "only seeks actual damages and no penalties."  Dkt. No. 95 at 12.  Any claim for statutory penalties for inaccurate wage statements has consequently been disclaimed and is dismissed on that basis.  To the extent SkyWest worries that awarding actual damages will result in a double recovery, that is of no moment at this stage of the case.  The Court will not, of course, allow any windfalls in the form of double recoveries prohibited by law, but the purely theoretical possibility of that problem is no basis for dismissing an otherwise plausible and sound claim.

### IV. COUNT VII: CLAIM FOR MINIMUM WAGES SET BY SAN FRANCISCO MINIMUM COMPENSATION ORDINANCE

The parties trade multiple arguments about Meek's seventh claim for relief for failure to pay minimum wages in violation of San Francisco's Minimum Compensation Ordinance.  Meek's claim rests on San Francisco Administrative Code Chapter 12P (Minimum Compensation Ordinance or "MCO") and California Labor Code Sections 223, 225.5 and 1197, and his claim also references San Francisco International Airport's Quality Standards Program ("QSP").  Dkt. No. 41 ¶¶ 130-43.  SkyWest says that "the QSP impermissibly limits the collective bargaining process" and so is preempted by the RLA; that Meek has failed to exhaust his administrative

5

1 remedies as required by the MCO; that SAFA waived application of the MCO as a term in the
2 CBA; and that the QSP does not provide for a private right of action. Dkt. No. 94 at 8, 12-15.

3 These are novel and complex questions that are poorly suited to resolution on a motion to dismiss and without a well-developed record. This is especially true given that the parties do not even agree on basic issues such as whether the MCO and QSP are respectively laws, statutes or regulations; and whether they are "two separate rules," as SkyWest contends, or "the QSP is a subsection of the MCO," as Meek contends. Dkt. No. 94 at 12-13; Dkt. No. 95 at 13-15; Dkt. No. 96 at 7-10. The parties' arguments about whether the 2012 "Addendum to CBA" constitutes a waiver under the MCO also appear to present questions that go beyond a permissible motion to dismiss inquiry, which is appropriately defined here by the four corners of the complaint.

An additional reason to defer consideration of the MCO and QSP questions is that SkyWest has again misstated the claims in the complaint. All of SkyWest's arguments are fashioned as though Meek had made a claim directly under the MCO or QSP (or MCO-QSP). He did not. As the complaint indicates, and as Meek made even clearer in his opposition brief, his seventh claim for relief is brought under California Labor Code § 1197. Dkt. No. 95 at 13-14 ("local minimum wage laws (like the MCO-QSP) are enforceable as a private right of action under the plain language of Cal. Lab. Code §1197"). Section 1197 provides, "[t]he minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful." SkyWest does not dispute Meek's right to sue under this Labor Code section. Dkt. No. 96 at 10. Questions such as whether there is a private right of action under the QSP are consequently irrelevant. The question of whether the Court can look under Labor Code Section 1197 to the Minimum Compensation Ordinance and the Quality Standards Program as an "applicable state or local law" was not squarely presented by SkyWest's motion and is deferred for resolution after more comprehensive briefing by both sides on the issues raised.

## CONCLUSION

For Meek's fourth claim for relief for inaccurate wage statements, any claim for statutory penalties has been disclaimed and so is dismissed on that basis. SkyWest's motion to dismiss is

6

denied in all other respects.  For plaintiff's motion for clarification, the Court clarifies that the previous summary judgment order on plaintiff's third claim for relief was limited to any claim for overtime wages under Wage Order 9 only.

This case had been referred to Magistrate Judge Elizabeth D. Laporte for settlement purposes but in light of her retirement, the Court refers it to Magistrate Judge Thomas S. Hixson for a settlement conference to be held as his schedule permits.  A further case management conference is set for January 16, 2020, at 10:00 a.m., with a jointly proposed case schedule due by January 9, 2020.

**IT IS SO ORDERED.**

Dated:  December 16, 2019

JAMES DONATO
United States District Judge