Amanda C. Sommerfeld (State Bar No. 185052)
asommerfeld@JonesDay.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone:    +1.213.489.3939
Facsimile:    +1.213.243.2539

Scott Morrison (State Bar No. 320167)
scottmorrison@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121
Telephone:    +1.858.314.1200
Facsimile:    +1.844.345.3178

Patricia T. Stambelos (SBN 166998)
patricia@patriciastambelos.com
STAMBELOS LAW OFFICE
543 Country Club Drive, Suite B209
Simi Valley, CA  93065
Telephone:    +1.805.578.3474
Facsimile:    +1.805.994.0199

Attorneys for Defendants
SKYWEST, INC. AND
SKYWEST AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CODY MEEK, *et al.*,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SKYWEST, INC. and SKYWEST AIRLINES, INC.,<br><br>　　　　　Defendants. | Case No. 3:17-cv-01012-JD<br><br>**DEFENDANTS SKYWEST, INC. AND SKYWEST AIRLINES, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Date:　　　　May 13, 2021<br>Time:　　　　10:00 a.m.<br>Judge:　　　Hon. James Donato<br>Courtroom:　11, 19th Floor |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORDS:**

**PLEASE TAKE NOTICE** that on May 13, 2021, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 11 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, the Honorable James Donato presiding, Defendants SkyWest, Inc. and SkyWest Airlines, Inc. (collectively "SkyWest") will and hereby do move this Court for an order under Federal Rule of Civil Procedure 56 for partial summary judgment against Plaintiffs Cody Meek, Jeremy Barnes, and Coryell Ross (collectively "Plaintiffs") and the class and subclass that they hope to represent.

SkyWest moves this Court for an order finding that:

1. SkyWest is entitled to summary adjudication in its favor on Plaintiffs' third cause of action because the claim is precluded as a matter of law under Wage Order 9(1)(E);

2. SkyWest is entitled to partial summary adjudication in its favor on Plaintiffs' seventh cause of action because before March 1, 2016, SkyWest was excused from compliance with the MCO-QSP; and

3. SkyWest is entitled to partial summary adjudication in its favor on Plaintiffs' seventh cause of action because SkyWest and SAFA negotiated and renewed the relevant collective bargaining agreement to provide a starting wage rate equal to the MCO-QSP's minimum compensation rate to take effect on March 1, 2016.

This motion is based on the following Memorandum of Points and Authorities, the supporting Declarations of David Tate, Tina Sherman, and Scott Morrison, and their attached exhibits, a proposed order, all other pleadings and papers on file in this action, and any oral argument that this Court may hear.

Dated: April 8, 2021

Respectfully submitted,

Jones Day

By:   /s/  *Amanda C. Sommerfeld*
       Amanda C. Sommerfeld

Counsel for Defendants
SKYWEST, INC. AND SKYWEST
AIRLINES, INC.

## I. INTRODUCTION

Plaintiffs' overtime (Count 3) and Local Ordinance[1] (Count 7) claims can—and should—be fully and finally resolved in SkyWest's favor. As this Court has previously recognized, Plaintiffs and the putative class members were (and are) exempt from the payment of overtime under California Wage Order 9 because they are covered by a valid collective bargaining agreement (CBA) under and in accordance with the provisions of the Railway Labor Act (RLA). ECF No. 90 at 4–5. Since that decision, the Ninth Circuit has made clear that this exemption also extends to the overtime laws in California's Labor Code. Accordingly, SkyWest is entitled to summary judgment on Count 3 as a matter of law.

As to Plaintiffs' Local Ordinance claim, there is no genuine dispute of any material fact that will preclude summary judgment in SkyWest's favor. The facts are simple: For several years, Plaintiffs' collective bargaining representative, SAFA,[2] affirmatively *waived* application of all local San Francisco minimum-wage laws, including the MCO-QSP.[3] When the MCO-QSP was amended effective March 1, 2016, to impose minimum-wage restrictions on that waiver, SAFA and SkyWest renegotiated their CBA to satisfy those restrictions and SkyWest was thus thereafter in full compliance with it. SkyWest is therefore entitled to summary judgment on Plaintiffs' Local Ordinance claim.

Finally, SkyWest is entitled to summary judgment on all of Plaintiffs' derivative claims (Counts 4, 5, and 6) to the extent they rely on the predicate overtime and Local Ordinance claims.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

---

[1] Plaintiffs' seventh claim is for a failure to pay minimum wages under California Labor Code § 1197. The minimum wage that they claim entitlement to, however, was set by the San Francisco International Airport's "Quality Standards Program," which establishes a minimum-wage rate that is $0.50 higher than the current rate set by San Francisco's Minimum Compensation Ordinance (referred to in Plaintiffs' Consolidated Amended Complaint and here as the "MCO-QSP"). Accordingly, SkyWest refers to Plaintiffs' seventh claim as a "Local Ordinance" claim.

[2] SAFA stands for SkyWest Airlines Frontline Association.

[3] SAFA waived application of the local wage ordinances elsewhere, too, but Plaintiffs only challenge SkyWest's compliance with San Francisco ordinances. *See generally* ECF No. 112.

### III. ARGUMENT

#### A. SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS' THIRD CLAIM FOR OVERTIME BECAUSE PLAINTIFFS' WERE EXEMPT FROM CALIFORNIA'S OVERTIME LAWS.

California Wage Order 9(1)(E) expressly provides that "employees who have entered into a collective bargaining agreement under and in accordance with the provisions of the [RLA]" are not covered by the Wage Order's overtime rules. CAL. CODE REGS. tit. 8, § 11090(1)(E). This Court previously held that "SAFA is a valid 'representative' for the Frontline Employees and the CSPM is a valid collective bargaining agreement under the Railway Labor Act. Further, that means that the California Wage Order 9 section (1)(E) exemption applies and precludes plaintiff's third claim for overtime against defendants." ECF No. 90 at 5. This Court later clarified that its ruling applied only to the extent that the claim relied on the Wage Order, and that the claim survived to the extent it relied on the Labor Code. ECF No. 103 at 4–5.

Since the Court's rulings, the Ninth Circuit extended the Wage Order exemption to apply to the Labor Code, too. *See Angeles v. US Airways, Inc.*, 790 Fed. App'x 878, 880 (9th Cir. 2020) (unpublished). The Ninth Circuit based its holding on the text of California Labor Code § 515, which allows the Industrial Welfare Commission to "review, retain, or eliminate an exemption from provisions regulating hours of work that was contained in a valid wage order in effect in 1997." *Id.*; CAL. LAB. CODE § 515(b). Because Wage Order 9(1)(E) "was adopted in 1976 and has been retained in all subsequent versions of Wage Order 9, including the version in effect in 1997," "the Legislature acknowledged and incorporated [it] into the statutory scheme." *Angeles*, 790 Fed. App'x at 880 (citing *Collins v. Overnite Transp. Co.*, 129 Cal. Rptr. 2d 254, 255 (2003), which extended an overtime exemption in Wage Order 9 specifically for motor carriers to Labor Code § 510). The Ninth Circuit thus held that "the RLA exemption [in Wage Order 9] excuses US Airways from **both Wage Order 9's overtime requirements and [Labor Code] Section 510's overtime requirements**." *Id.* (emphasis added).  Accordingly, this Court should now extend its prior ruling to encompass the Labor Code and grant summary judgment on Plaintiffs' entire overtime claim (Count 3) in SkyWest's favor.

**B.   SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS' SEVENTH CLAIM BECAUSE—AT ALL TIMES RELEVANT TO THIS ACTION—PLAINTIFFS WAIVED AND/OR SKYWEST COMPLIED WITH THE MCO-QSP MINIMUM WAGE RATE.**

Plaintiffs' Local Ordinance claim attempts to borrow from San Francisco's "MCO-QSP" to establish a minimum wage that they seek to enforce through Labor Code § 1197.[4] ECF No. 112 at 43 ¶¶ 166–172. San Francisco's Minimum Compensation Ordinance (MCO) establishes a minimum wage rate for covered employees, and the MCO-QSP bumps that rate up by $0.50 for certain people who work at San Francisco International Airport (SFO). *See Quality Standards Program: Safety and Security*, p. 2, *available at* http://www.flysfo.com/sites/default/files/media/Quality-Standards-Program-2016.pdf. For purposes of this motion only, SkyWest concedes that Plaintiffs were covered—absent waiver—by the MCO-QSP.

There are two periods of time relevant to Plaintiffs' Local Ordinance claim: pre-March 1, 2016, and from March 1, 2016 through September 2016, when SkyWest's SFO operations ceased. Prior to March 1, 2016, the MCO-QSP allowed covered parties to waive its application without any conditions. From March 1, 2016 and after, however, the MCO-QSP no longer allowed employers and bargaining representatives to waive its minimum compensation requirements, but permitted a waiver of its benefits requirements as long as the compensation requirements were met. In 2016, the MCO established a minimum wage rate of $13.34 per hour, dictating an MCO-QSP required rate of $13.84. *See* OFFICE OF LABOR STANDARDS ENFORCEMENT, *MCO Historical Rates*, *available at* https://sfgov.org/olse//mco-historical-rates (historical MCO rates); *Quality Standards Program: Safety and Security*, p. 2, *available at* http://www.flysfo.com/sites/default/files/media/Quality-Standards-Program-2016.pdf (establishing MCO-QSP rate at $0.50 above the MCO rate).

---

[4] Under California Labor Code § 1197, "the minimum wage to be paid to employees" may be "fixed . . . by any applicable state or local law . . . ." CAL. LAB. CODE § 1197. SkyWest does not argue here that the MCO-QSP does not qualify as a "state or local law," but it reserves its right to do so at a later time if necessary.

- 3 -
SkyWest's Notice of Motion and Motion for Partial Summary Judgment
Case No. 3:17-cv-01012-JD

1. **SAFA Waived the MCO-QSP Between December 2012 and March 1, 2016.**

Before March 1, 2016, the MCO-QSP expressly provided that "A bona fide Collective Bargaining Agreement (CBA) between covered employers and labor organizations representing covered employees **shall take precedence over all or any portion of the QSP compensation** and benefits requirements, provided that such waiver is set forth in such agreement in clear and unambiguous terms." *See Morrison Decl.*, Ex. A (2009 MCO-QSP), at bates label SWA_PLTF_000437 (emphasis added); Ex. B (2015 MCO-QSP), at bates label SWA_PLTF_000457 (emphasis added).

On December 18, 2012, SAFA and SkyWest signed the Collective Bargaining Agreement Addendum (the "Addendum"), which formalized the parties' prior agreements to waive local minimum-wage ordinances specific to Frontline Employees at the LAX and SFO airports, including the MCO and MCO-QSP.[5] Tate Decl. ¶ 4. The Addendum memorialized in writing prior oral agreements between SAFA and SkyWest to waive the local minimum wage ordinances because the two parties agreed that SAFA would have the power to negotiate and determine acceptable wage rates, regardless of local wage ordinances. *See* Tate Decl. ¶ 5. The Addendum clearly and unambiguously provides that it "supersedes the compensation and time off provisions of the San Francisco Quality Standards Program (QSP), as it currently exists and may be amended from time to time." *See* Tate Decl., Ex. A. Because the Addendum applied only to the agents who worked at LAX and SFO, it was not included in the generally applicable Customer Service Policy Manual, which was the name of the Frontline Employees' CBA in 2012 and 2013; nevertheless, it was indeed part of the CBA for the LAX and SFO agents. *See* Tate Decl. ¶ 6. As a matter of law, this waiver disposes of Plaintiffs' Local Ordinance claim under the State's minimum wage statute at all relevant times before March 1, 2016.

---

[5] The MCO has always expressly allowed covered parties to waive "[a]ll or any portion of the applicable requirements . . . in a bona fide collective bargaining agreement, provided that such waiver is explicitly set forth in such agreement in clear and unambiguous terms." S.F. ADMIN. CODE § 12P.10. Here, SAFA waived application of the MCO in the Addendum. *See* Tate Decl. ¶ 4.

      2.      **From And After March 1, 2016, SkyWest's Compensation For SFO Frontline Agents Complied with the MCO-QSP's Waiver and Minimum Wage Requirements**

On March 1, 2016, the MCO-QSP was amended, in relevant part, to allow a CBA to "take precedence over all or any portion of the QSP compensation and benefits requirements, **provided that (a) the CBA or side agreement includes a wage rate applicable to covered employees at least equal to the QSP compensation rate as provided below** and (b) such waiver is set forth in such agreement in clear and unambiguous terms." *See Morrison Decl.*, Ex. C (2016 MCO-QSP), at bates label SWA_PLTF_00468 (emphasis added). SAFA and SkyWest were aware that the MCO-QSP was going to be amended effective March 1, 2016, to require that covered employees be paid at least $13.84 per hour in order for any waiver of the MCO-QSP's other terms to be effective. *See* Tate Decl. ¶ 7. To address this change, SAFA and SkyWest renegotiated the wage scales for SFO agents to *start* at $13.84 as of March 1, 2016. *See* Tate Decl. ¶ 9, Ex. B (2016 CBA Wage Scales). The Addendum otherwise remained in effect.

March 1, 2016, did not fall cleanly at the start of a pay period. *See* Sherman Decl. ¶ 3. Instead, the start of the next pay period was March 4, 2016. *Id.* Employees were paid at their prior rate of pay through the end of the prior period. *Id.* SkyWest corrected the underpayment the following pay period with a retroactive payment to each impacted employee. *Id.* Neither Plaintiff Meek nor Plaintiff Ross worked at SFO as of March 1, 2016, (or ever again), but Plaintiff Jeremy Barnes's records provide a perfect example. *Id.* ¶ 4. Barnes worked 8.97 hours on March 1, 2016, (0.22 hours of which were at an overtime rate) and did not work at all on March 2–3, 2016. *Id.* ¶ 5. During that pay period, Barnes was paid at a rate of $13.55. *Id.* ¶ 6. The following pay period, Barnes was paid at a rate of $13.84 per hour and received an additional $2.63 in retroactive pay to remedy the difference caused by the wage-rate change in the previous pay period.[6] *Id.* Barnes, therefore, was not injured.

In sum, at no time during the relevant period did SkyWest violate the MCO-QSP. Before March 1, 2016, SkyWest was not obligated to pay the minimum rate established by the MCO-

---

[6] $13.84 - $13.55 = $0.29; $0.29 x 8.75 hours = $2.5375 of straight-time pay;  $0.29 x 1.5 (overtime rate) x 0.22 hours = $0.0957 of overtime pay.  $2.5375 + $0.0957 = $2.63 total difference. *See* Sherman Decl. ¶ 7.

QSP because SAFA negotiated to waive it. And from March 1, 2016 and after, SkyWest paid the MCO-QSP's minimum-wage rate. SkyWest is thus entitled to summary judgment on Plaintiffs' Local Ordinance (Count 7) claim.[7]

### C. SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS' DERIVATIVE CLAIMS TO THE EXTENT THEY RELY ON COUNTS 3 AND 7.

Plaintiffs' wage statement (Count 4), unfair competition (Count 5), and waiting time penalty (Count 6) claims are entirely derivative of Plaintiffs' other claims (Counts 1–3, 7). Because SkyWest is entitled to summary judgment on Plaintiffs' predicate overtime and Local Ordinance (Counts 3 and 7) claims, summary judgment should also be granted on Plaintiffs' derivative claims to the extent they derive from Counts 3 and 7.

## IV.  CONCLUSION

For the foregoing reasons, this Court should grant SkyWest's Motion for Partial Summary Judgment, or in the Alternative, Summary Adjudication, and grant summary judgment in SkyWest's favor on Counts 3 and 7.

Dated: April 8, 2021

Respectfully submitted,

Jones Day

By: /s/ *Amanda C. Sommerfeld*
    Amanda C. Sommerfeld

Counsel for Defendants
SKYWEST, INC. AND SKYWEST AIRLINES, INC.

---

[7] SkyWest is entitled to summary adjudication of this claim for the period of March 1, 2016, onward for the independent reason that none of the plaintiffs were harmed during that period.