Amanda C. Sommerfeld (State Bar No. 185052)
asommerfeld@JonesDay.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone:    +1.213.489.3939
Facsimile:     +1.213.243.2539

Scott Morrison (State Bar No. 320167)
scottmorrison@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121
Telephone:    +1.858.314.1200
Facsimile:     +1.844.345.3178

Patricia T. Stambelos (SBN 166998)
patricia@patriciastambelos.com
STAMBELOS LAW OFFICE
543 Country Club Drive, Suite B209
Simi Valley, CA  93065
Telephone:    +1.805.578.3474
Facsimile:     +1.805.994.0199

Attorneys for Defendants
SKYWEST, INC. AND
SKYWEST AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CODY MEEK, *et al.*,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SKYWEST, INC. and SKYWEST AIRLINES, INC.,<br><br>　　　　　Defendants. | Case No. 3:17-cv-01012-JD<br><br>**DEFENDANTS SKYWEST, INC. AND SKYWEST AIRLINES, INC.'S <u>OPPOSED</u> MOTION FOR ENLARGEMENT OF TIME FOR EXPERT DISCLOSURES/DISCOVERY** |

**INTRODUCTION**

Pursuant to Local Rules 6-1(b), 6-3, and 7-11(a), Defendants SkyWest, Inc. and SkyWest Airlines, Inc. (together, "SkyWest"), move this Court for an order modifying the Court's Amended Scheduling Order entered on September 4, 2020. ECF No. 131. SkyWest requests an extension of the expert related deadlines and trial date/pretrial conference only, which would allow the parties an appropriate amount of time after the Court rules on class certification and summary judgment motions to determine the necessary scope of the expert issues and, thereafter, sufficient time to work with experts and disclose and exchange expert reports. Under the estimated proposed schedule below, only a modest, one month continuance of the current trial date is needed.

This motion is brought over the objection of Plaintiffs Meek, Barnes, and Ross (collectively, "Plaintiffs").

**PROCEDURAL BACKGROUND**

Plaintiff Cody Meek filed this action on February 27, 2017. ECF No. 1. Discovery was ordered to occur in phases. Decl. of Amanda Sommerfeld ("Sommerfeld Decl.") ¶ 2. After Phase 1 of discovery, which was limited to the narrow issue of the existence of a collective bargaining agreement ("CBA") under the Railway Labor Act, ECF No. 55, this Court granted SkyWest's Motion for Partial Summary Judgment and held that SkyWest's customer service agents—the putative class of employees at issue in this case—are (and have been) covered by such a CBA. ECF No. 90. This Court issued its ruling on that Motion on December 07, 2018. ECF No. 90. On January 31, 2019, SkyWest moved to dismiss Plaintiffs' Amended Complaint, based in part on the existence and interpretation of that CBA. ECF No. 94. The motion was denied on December 16, 2019. ECF No. 103.

As the Court is well aware, the COVID-19 pandemic became a major problem in mid-March 2020, and few industries were hit harder than the airline industry. The parties jointly requested—and this Court granted—a 90-day stay on discovery. ECF Nos. 122–23. All pending discovery deadlines resumed on June 25, 2020. ECF No. 123.

On September 4, 2020, this Court issued a Scheduling Order, setting January 7, 2021, as

1  Plaintiffs' deadline to move for class certification, and April 1, 2021, as the hearing date on that
2  motion. ECF No. 126. On December 3, 2020, Plaintiffs moved for an extension of their deadline
3  to file a class certification motion. ECF No. 127. That request was granted and, in its Amended
4  Scheduling Order, ECF No. 131, the Court set the following relevant deadlines:

| | |
|---|---|
| Hearing on Plaintiff's Motion for Class Certification: | April 22 |
| Expert disclosures/reports due | July 1 |
| Rebuttal reports/disclosures due | July 29 |
| Expert discovery cutoff | August 31 |
| Last day to file *Daubert* Motions | September 9, 2021 |
| Pretrial Conference | January 6, 2022 |
| Trial | January 24, 2022 |

Plaintiffs' motion for class certification was filed on January 28, 2021, to be heard on April 22, 2021. ECF Nos. 132, 134. On April 8, SkyWest moved for Partial Summary Judgment, and the hearing was set for May 13, 2021. ECF No. 144. On April 16, 2021, the Court re-set both hearings for August 26, 2021. ECF No. 145.  No other deadlines were moved. *Id.*

Apart from a modest, stipulated 90-day stay on discovery necessitated by the Covid-19 pandemic, ECF April 16, 2020, this is the first request by SkyWest for any modification to Court deadlines. *See* Sommerfeld Decl. ¶ 10.

## GOOD CAUSE EXISTS FOR A SHORT CONTINUANCE OF THE EXPERT RELATED DEADLINES AND THE TRIAL DATE

Under Federal Rules 6 and 16(b)(4), a schedule may be amended for good cause and with the Court's consent.  SkyWest seeks to continue the expert disclosures, expert discovery, *Daubert* motion filing deadlines, as well as the trial date and related pretrial conference, in order to maintain the sequencing contemplated by the Court's Amended Scheduling Order (ECF No. 131). That Order allowed the parties sufficient time after the Court's scheduled hearing date/anticipated ruling on class certification (and SkyWest's motion for partial summary judgment) to enable the Parties to adequately identify experts, allow those experts the time to study the relevant materials for the class—or the individuals, if class certification is denied—and prepare a report. Under the

1  current deadlines, the scope of the claims and whether this case shall proceed as a class action or
2  only on behalf of the named plaintiffs is unknown, and won't likely be known until sometime
3  after the hearing on August 26, 2021.

4       SkyWest will be severely prejudiced, and party resources will be inefficiently used at best
5  and wasted at worst, if a short extension of the expert related deadlines is not granted.
6  Sommerfeld Decl. ¶ 8. Importantly, under Rule 26, a party must disclose all trial experts and
7  reports that reasonably set forth the subject matter of their trial opinions. Discovery shall be
8  conducted thereafter. Under the current schedule, initial experts and their reports must be
9  disclosed July 1st and rebuttal experts and their reports are due July 29, followed by expert
10 discovery in August. All of this would occur long before the Court is scheduled to hear the
11 pending motions.

12      It does not make good sense to engage experts for review of material, analysis, report
13 writing and discovery, when motions addressing whether some of the claims can survive
14 summary judgment at all, and whether others can proceed on a class wide basis, are poised to be
15 decided. *See Navigators Specialty Ins. Co. v. St. Paul Surplus Lines Ins. Co.*, No. 13-cv-03499
16 SC, 2015 WL 13450484, at *2 (N.D. Cal. May 27, 2015) (granting parties' request to extend
17 expert disclosure deadline by 30 days after ruling on pending summary-judgment motion because
18 "the scope of the Court's ruling on the motion for summary judgment could affect which experts
19 the parties ultimately decide to disclose"); *Westbrook v. Dollar Rent A Car, Inc.*, No. 05-cv-
20 00789-KJD-PAL, 2007 WL 7752864, at *2 (D. Nev. Aug. 29, 2007) (noting that earlier in the
21 case expert disclosure deadlines had been extended until 30 days after a ruling on pending
22 dispositive motions); *Collins v. Aetna Life Ins. Co.*, Case No. 12-cv-5049-TOR, 2012 WL
23 5377797, at *4 (E.D. Wash. Nov. 1, 2012) (reasoning that the need for expert testimony was
24 contingent upon the result of a forthcoming dispositive motion and sequencing expert discovery
25 deadlines after such motion).

26      As one example, it is likely that SkyWest will need to call an expert to opine on damages,
27 but the scope of the surviving claims after SkyWest's pending motion for partial summary
28 judgment will dictate which damages and/or penalties are available. *See* Sommerfeld Decl. ¶ 8.

And, until the Court rules on Plaintiff's motion for class certification, it is unknown whether the claims will proceed on behalf of a class, or merely on behalf of the named Plaintiffs. *Id.* Until class certification is granted (if it is) and the class period end date is established, damages and penalties may continue to accrue. *Id.* This impacts the data to be reviewed by the damages expert, and the scope of his or her opinions. *Id.* SkyWest is considering the use of other expert(s) as well, depending on the Court's rulings. *Id.* SkyWest is not going to file any further motions for summary judgment and would only engage an expert for purposes of trial. *Id.* ¶ 9.

To engage experts on issues that may no longer be relevant would be premature and financially inefficient, especially since there is sufficient time after the August hearing to do so with just a short continuance of the dates as requested. Plaintiffs would not be harmed or prejudiced by the requested extensions; in fact, Plaintiffs, too, would benefit from the extension, as their expert's analyses will depend on the Court's rulings on class certification and summary judgment.

Although the Court has re-set the hearing on the class certification and summary judgment motions for August 26, 2021, the Court may, even then, take the matter under submission before issuing a ruling. The expert deadlines were originally scheduled to begin four months after the hearing on Plaintiffs' motion for class certification. SkyWest proposes that the expert disclosure and discovery deadlines be sequenced to begin at least two months after the Court issues its rulings on the pending motions.

Accordingly, SkyWest proposes the following amended deadlines, with the assumption that the two pending motions are ruled on at or shortly after the hearing:

| | |
|---|---|
| Hearing on Motion for Class Certification/Partial Summary Adjudication: | (currently set for August 26) |
| Expert disclosures/reports due | 2 months after Orders issued (Est.: October 26, 2021) |
| Rebuttal reports/disclosures due | 3 months after Orders issued (Est.: November 26, 2021) |
| Expert Discovery cutoff | 5.5 months after Orders issued (Est.: January 17, 2022) |

| | |
|---|---|
| Last day to file Expert Daubert motions | 6 months after Orders issued (Est: January 31, 2022) |
| Pretrial Conference | 18 days before Trial (Est.: February 10, 2022) |
| Trial | 7 months after Orders issued (Est.: February 28, 2022) |

This extension is not sought for the purpose of delay, Sommerfeld Decl. ¶ 11, and because the proposed extension to the trial date is only one month (based on the current class certification hearing date and assuming that a ruling on the pending motions issues at or shortly after the hearing), there can be no prejudice to Plaintiffs by this short delay.

Dated: June 11, 2021

Respectfully submitted,

Jones Day

By: /s/ *Amanda C. Sommerfeld*
     Amanda C. Sommerfeld

Counsel for Defendant
SKYWEST AIRLINES, INC., SKYWEST, INC.