Gregory F. Coleman (*pro hac vice*)
Mark E. Silvey (*pro hac vice*)
William A. Ladnier (SBN 330334)
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
Facsimile: (865) 522-0049
greg@gregcolemanlaw.com
mark@gregcolemanlaw.com

Mitchell M. Breit (*pro hac vice*)
Thien An Vinh Truong (*pro hac vice*)
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue
New York, New York 10016-7416
Telephone: (212) 784-6400
Facsimile: (212) 213-5949
mbreit@simmonsfirm.com
atruong@simmonsfirm.com

Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: (415) 772-4700
Facsimile: (415) 772-4707
lking@kaplanfox.com
mgeorge@kaplanfox.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CODY MEEK, *et al.* | Case No. 17-cv-01012-JD |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME FOR EXPERT DISCLOSURES/DISCOVERY** |
| v. | |
| SKYWEST, INC. and SKYWEST AIRLINES, INC., | |
| Defendants. | |

Plaintiffs Cody Meek, Jeremy Barnes, and Coryell Ross ("Plaintiffs") submit the following response opposing SkyWest's request to change the expert discovery schedule, which would cause unnecessary delay and unfair prejudice to Plaintiffs.

*First*, this matter was filed February 27, 2017, and has been pending for four-and-half years. ECF No. 1. During that time, SkyWest filed five dispositive motions, the last of which is still pending. ECF Nos. 35, 44, 80, 94, 144. Despite these (often redundant) Motions, nearly all of Plaintiffs' original claims and legal theories survive. Accordingly, Plaintiffs filed their Motion for Class Certification, ECF No. 134, which is fully briefed and was originally set for hearing on April 22, 2021. The operative scheduling orders regarding Plaintiffs' Class Certification Motion specified that, concurrent with the opening and opposition briefs, "plaintiffs' associated expert reports" and "defendants' associated expert reports" were due. ECF Nos. 126, 129, 131. Each of those orders also had the close of fact discovery and remaining expert disclosures due on July 1, 2021. *Id*. None of these orders set any deadlines contingent upon the Court ruling on any particular motions. Accordingly, Plaintiffs retained a damages expert and prepared a complete analysis of the putative class members' damages. ECF No. 135. Despite the Court's schedule being very clear—and despite Plaintiffs timely and full compliance with this Court's order by submitting their expert report with their Class Certification Motion, ECF No. 135 (Declaration of David Breshears)—SkyWest failed to file any opposition or rebuttal experts. ECF No. 141. Instead, on the due date of Plaintiffs' Reply in Support of Class Certification, SkyWest filed its most recent Motion for Partial Summary Judgment that would not fully resolve this case even if it were granted. ECF Nos. 144-45.

*Second*, SkyWest neglects to state that with discovery closing July 1, 2021, Plaintiffs propounded a final set of three contention interrogatories and one document request on May 28, 2021, directed at SkyWest's Third Affirmative Defense (ECF Nos. 119, 120) of "Preemption." This affirmative defense asserts that all of Plaintiffs' claims are preempted by the "Airline Deregulation Act, 49 U.S.C. § 41713, the Railway Labor Act, 49 U.S.C. §§ 151, *et seq.*, the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501, and by the principles of field preemption

and conflict preemption."[1] ECF Nos. 119, 120. The Ninth Circuit recently held that these statutes do *not* preempt the application of California and Washington wage and hour laws to airline workers, *see, e.g.*, *Bernstein v. Virgin America, Inc., et al.*, 990 F.3d 1157 (9th Cir. 2021) and *Air Transp. Ass'n of Am., Inc. v. Washington Dep't of Lab. & Indus.*, No. 19-35937, 2021 WL 2029186 (9th Cir. May 21, 2021). Nonetheless, SkyWest filed a summary judgment motion and *submitted expert opinions* on these issues in a similar case involving flight attendants at which SkyWest (represented by the same counsel here) argued before Judge Chhabria on June 10, 2021 in *Wilson, et al., v. SkyWest Airlines, Inc., et al.*, No. 3:19-cv-01491-VC. Ironically, SkyWest's summary judgment motion in *Wilson* was filed just *four* days before its current Motion was filed here where it claimed that it needs more time to substantiate and produce experts, that would undoubtedly be identical to those submitted in *Wilson*, because the concern those exact same defenses in this case.

SkyWest's request to delay disclosing its remaining experts (to the extent they are not untimely already) is an unjustifiable attempt to again delay this litigation from moving forward by evading the July 1, 2021 fact discovery cut off. SkyWest can and should be required to present any and all fact and expert witnesses it intends to present on these defenses in response to Plaintiffs' properly submitted requests. The discovery cutoff  has been firmly set since September 4, 2020. The fact that SkyWest eleventh-hour move to avoid this deadline is unfairly prejudicial to Plaintiffs, who are prepared to file their own summary judgment motion relating to SkyWest's preemption defenses within the schedule currently in place.

To the extent SkyWest claims it intends to produce a damages expert, this time for that expired long ago. Reliance on a damages expert could, and should, have been made with SkyWest's opposition to class certification so these issues could be addressed and dealt with in an organized and efficient manner. Accordingly, because SkyWest failed to timely produce such an expert with its opposition to class certification, it has *waived* producing such an expert in this case. Moreover,

---

[1] SkyWest then served over 60 contention discovery requests on Plaintiffs, asking them to stake positions on the ultimate issues in the case and identify any witnesses "that may be called at trial" that included a flurry of requests on damages that Plaintiffs had already produced a complete report on. SkyWest should not demand this exorbitant, redundant discovery of Plaintiffs and try to shield itself from showing its own hand.

1   the Court should disregard SkyWest's spurious claim that it should not have to bear any costs to

2   produce these purported experts overlooks the inarguable fact that *it has already done so* in *Wilson*.

3   It is obvious that SkyWest seeking to delay producing its expert reports on preemption and damages

4   issues in this case until it sees how *Wilson* turns out.

5          *Third*, SkyWest's proposal, which fails to set dates certain but rather makes them contingent

6   on future dates of orders, is neither practicable nor efficient. Prior to filing its motion SkyWest sent

7   Plaintiffs an ever-changing set of proposals that originally continued the dispositive motion and

8   trial dates, indicating it did want to significantly delay the proceedings (attached as **Exhibit 1**).

9   Plaintiffs declined and twice asked SkyWest to state whether further dispositive motion practice

10  was contemplated. *Id.* SkyWest ignored Plaintiffs' inquiries, only proving any response by

11  including that pertinent information in its current Motion. *Id.*

12         *Last*, while Plaintiffs will not rehash the complete history SkyWest's intransigence on

13  similar requests raised by the Plaintiff, the would point out how it stubbornly opposed a three-week

14  extension to Plaintiffs' class certification motion, ECF No. 128, when it refused to produce a

15  witness that it belatedly disclosed only the day before that motion was originally due. SkyWest

16  took the position that Plaintiffs were inefficiently litigating the case. "Plaintiffs have had ample

17  time throughout this litigation to conduct the discovery they needed to litigate their case, and they

18  chose to bet on a successful mediation. That bet, unfortunately, was a losing one." ECF 128 at 5:3-

19  5. SkyWest's about-face is conspicuous.[2]

20         In sum, SkyWest's Motion should be denied because it does not promote judicial efficiency,

21  because it papers over this Court's prior orders to rebut Plaintiffs' class certification experts in a

22  timely manner, and because it is intended to permit SkyWest many more months to avoid

23  identifying and producing its experts on defenses of serious consequence to the litigation while

24  demanding Plaintiffs identify their experts and answer discovery pertaining to the same matters. If

25  SkyWest had any facts or evidence to support its preemption defenses, it must be required to

---

[2] However, as noted above, because SkyWest has failed to meet its obligations to produce expert reports in support of its class certification opposition, as set out in the Court's multiple scheduling orders, ECF Nos. 126, 129, 131, Plaintiffs assert that SkyWest's proposed expert evidence must be limited to non-class issues. SkyWest waived its right to produce any expert that disputes any class-wide issues, including, but not limited to, challenging class-wide damages.

1  disclose them now so as not to inhibit Plaintiffs' opportunity to file a summary judgment motion

2  under the current schedule. Denying SkyWest's motion promotes judicial economy, efficiency and

3  fairness.

4                                    Respectfully submitted,

5  DATED: June 18, 2021               **GREG COLEMAN LAW PC**

6                                    By: /s/ *Mark E. Silvey*
7                                          Mark E. Silvey (*pro hac vice*)

8                                    Gregory F. Coleman (*pro hac vice*)
                                     Mark E. Silvey (*pro hac vice*)
9                                    William A. Ladnier (SBN 330334)
                                     First Tennessee Plaza
10                                   800 S. Gay Street, Suite 1100
                                     Knoxville, TN 37929
11                                   Telephone: (865) 247-0080
                                     Facsimile: (865) 522-0049
12                                   greg@gregcolemanlaw.com
                                     mark@gregcolemanlaw.com
13                                   will@gregcolemanlaw.com

14
                                     By: /s/ *Thien An Vinh Truong*
15                                         Thien An Vinh Truong (*pro hac vice*)

16                                   Mitchell M. Breit (*pro hac vice*)
                                     Thien An Vinh Truong (*pro hac vice*)
17                                   **SIMMONS HANLY CONROY LLC**
                                     112 Madison Avenue
18                                   New York, New York 10016-7416
                                     Telephone: (212) 784-6400
19                                   Facsimile: (212) 213-5949
                                     mbreit@simmonsfirm.com
20                                   atruong@simmonsfirm.com

21
                                     By: /s/ *Matthew B. George*
22                                         Matthew B. George (SBN 239322)

23                                   Laurence D. King (SBN 206423)
                                     Matthew B. George (SBN 239322)
24                                   **KAPLAN FOX & KILSHEIMER LLP**
                                     1999 Harrison Street, Suite 1560
25                                   Oakland, CA 94612
                                     Telephone: 415-772-4700
26                                   Facsimile: 415-772-4707
                                     lking@kaplanfox.com
27                                   mgeorge@kaplanfox.com

28                                   *Attorneys for Plaintiffs*

1

## <u>CERTIFICATE OF SERVICE</u>

2

The undersigned attorney hereby certifies that the foregoing pleading was filed

3

electronically with the Clerk of Court using the ECF system, which sends notification of such filing

4

to all attorneys of record.

5

Dated: June 18, 2021

6

7

*/s/Mark E. Silvey*
Mark E. Silvey (*pro hac vice*)

8

**GREG COLEMAN LAW PC**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Opposition to Defendants' Motion for Enlargement of Time