

Kaplan Fox & Kilsheimer LLP
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Phone: 415.772.4700
Fax: 415.772.4707
Email: mail@kaplanfox.com
www.kaplanfox.com

July 1, 2021

**BY ECF**
Honorable James Donato
United States District Court for the
Northern District of California
Phillip Burton Federal Building and U.S. Courthouse
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, CA 94102

Re: *Meek, et al. v. SkyWest Inc. and SkyWest Airlines, Inc.*, No. 17-cv-01012-JD

Dear Hon. Judge Donato,

Plaintiffs Cody Meek, Jeremy Barnes, and Coryell Ross ("Plaintiffs") submit this discovery dispute letter pursuant to the Court's Standing Order on Civil Discovery in this putative wage and hour class action against SkyWest, Inc., and SkyWest Airlines ("SkyWest"). The close of fact discovery is today, July 1, 2021, and was originally set on September 4, 2020. ECF Nos. 126, 129, 131. This discovery dispute addresses SkyWest's refusal to answer discovery or produce evidence regarding its affirmative defenses based on preemption prior to the close of discovery, which SkyWest served objections to on June 28, 2021. Prior to filing this letter, Plaintiffs called and emailed defense counsel requesting that SkyWest meet and confer on June 30 and July 1, but SkyWest's counsel would not make themselves available until July 6, 2021, after the discovery cut-off, by which time any further motion practice may be considered untimely.[1] Accordingly, in an abundance of caution, Plaintiffs file this letter now before the close of discovery to: (1) request the Court order SkyWest immediately turn over documents and data responsive to Plaintiffs' requests; and/or (2) request the Court prohibit SkyWest and its experts from using any responsive documents and data in litigation or trial for failure to disclose that evidence prior to the close of discovery.

This matter was filed February 27, 2017, and has been pending for four-and-half years. ECF No. 1. During that time, SkyWest filed five dispositive motions, the last of which is still

---

[1] Plaintiffs acknowledge that Local Rule 37-3 permits motions to compel up to seven (7) days after the close of fact discovery (which would be July 8, 2021) but that is only "unless otherwise ordered" and this Court's Standing Orders and scheduling orders control this matter and differ in other respects from the Local Rules. Given the uncertainty whether this Court considers the discovery cut-off date to be the final date for raising discovery issues with the Court, Plaintiffs file this letter now but still plan to meet and confer with SkyWest on Tuesday, July 6, 2021 and can re-file this request if necessary.

pending. ECF Nos. 35, 44, 80, 94, 144. Despite these Motions, nearly all of Plaintiffs' original claims and legal theories survive. Accordingly, Plaintiffs filed their Motion for Class Certification, ECF No. 134, which is fully briefed and is set for hearing on August 26, 2021.

With the close of fact discovery nearing, Plaintiffs issued a final set of three contention interrogatories and two document requests on May 28, 2021, directed at SkyWest's Third Affirmative Defense (ECF Nos. 119, 120) of "Preemption." *See* Exhibit 1: Excerpt of SkyWest's Objections. This affirmative defense asserts that all of Plaintiffs' claims are preempted by the "Airline Deregulation Act, 49 U.S.C. § 41713, the Railway Labor Act, 49 U.S.C. §§ 151, *et seq.*, the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501, and by the principles of field preemption and conflict preemption."[2] ECF Nos. 119, 120. The Ninth Circuit recently held that these statutes do *not* preempt the application of California and Washington wage and hour laws to airline workers, *see, e.g.*, *Bernstein v. Virgin America, Inc., et al.*, 990 F.3d 1157 (9th Cir. 2021) and *Air Transp. Ass'n of Am., Inc. v. Washington Dep't of Lab. & Indus.*, No. 19-35937, 2021 WL 2029186 (9th Cir. May 21, 2021). Nonetheless, SkyWest filed a summary judgment motion and submitted expert opinions on these issues in a similar case involving flight attendants at which SkyWest (represented by the same counsel here) argued before Judge Chhabria on June 10, 2021, in *Wilson, et al., v. SkyWest Airlines, Inc., et al.*, No. 3:19-cv-01491-VC. In that matter, SkyWest's expert report, authored by Darin N. Lee, specifically relied on "SkyWest data as provided by the Company or counsel" that included "flight data" among other items—none of which has been produced in this matter. *Id*. at ECF 60-1, n. 1, App'x B-4.

After service of Plaintiffs' final discovery, SkyWest immediately requested that Plaintiffs agree to unspecified extensions of the trial date, dispositive motion deadline, and expert disclosures. Plaintiffs disagreed that such extensions were appropriate and believed that SkyWest was seeking to avoid addressing the elephant in the room—namely, its preemption-based defenses. SkyWest eventually obtained partial relief from the Court extending only the expert disclosure date to September 30, 2021 and setting a rebuttal disclosure of October 28, 2021. ECF No. 154. Importantly, SkyWest never sought an extension of the fact discovery cut-off, and the dispositive motion deadline remains September 9, 2021. ECF No. 131. Notwithstanding the Court's deadlines, on June 25, 2021, SkyWest asked Plaintiffs for a three-week extension to respond to the discovery. Plaintiffs could not agree to the request, as it would violate the Local Rule 37-3 and this Court's Standing Order on Civil Discovery (at paragraph 1).

Unsurprisingly, on June 28, 2021, SkyWest served nothing but objections to Plaintiffs' requests and although it did state: "There are potentially thousands of pages of documents and exponential amounts of data that could support these defenses; and, each of these defenses is supported by different documents and evidence." *See* Ex. 1. Thus, after four-plus years of

---

[2] SkyWest then served contention discovery requests on Plaintiffs, asking them to, among other things, stake positions on the ultimate issues in the case, identify any witnesses "that may be called at trial," and requested information on damages that Plaintiffs had already produced. SkyWest should not demand this redundant discovery of Plaintiffs and try to shield itself from producing its own documents and data.

litigation, and SkyWest already identifying and relying on these documents and data in other related matters, SkyWest simply refuses to turn any of it over to Plaintiffs. SkyWest cannot claim it has responsive documents and data and refuse to turn it over in response to a valid discovery demand at the close of fact discovery.

SkyWest is likely emboldened to continue withholding such documents and data given that it obtained an extension of the expert disclosure date to September 30, 2021. However, there is a significant difference between actual *evidence* and expert *opinions* about that evidence. It is axiomatic that the fact discovery cut-off is the date by which parties are to disclose any requested documents, data, and evidence, and the expert disclosure date is only to produce opinions based on that evidence. The only way fair litigation can proceed is that the parties exchange all pertinent facts and evidence by the fact discovery cut-off so that information can then be analyzed by experts simultaneously—not so that one party can hide evidence between those deadlines while the other is left to guess what that evidence might be. Indeed, this is the very schedule that SkyWest advocated for and obtained in its recent motion. ECF No. 154. The fact that SkyWest is now leveraging this Court's deferral of the expert disclosure date to conceal allegedly exculpatory evidence it claims to have lays threadbare its true motives behind its recent scheduling request— which was to cause delay, prejudice Plaintiffs, and conceal legitimate discovery. Plaintiffs are merely demanding that SkyWest turn over the actual documents and data it claims to have that supports its affirmative defenses so that Plaintiffs and their own experts can review and analyze the information, particularly with summary judgment motions due September 9, 2021, which now falls before the expert disclosure deadline.

Accordingly, SkyWest should immediately produce any such documents and data and fully answer Plaintiffs' Requests without further delay or be prohibited from relying on any such evidence in the future.

Respectfully submitted,

/s/ *Matthew B. George*
Matthew B. George (SBN 239322)
Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: (415) 772-4700
Facsimile: (415)772-4707
mgeorge@kaplanfox.com
lking@kaplanfox.com
mchoi@kaplanfox.com

        */s/ An V. Truong*
        An V. Truong (*pro hac vice*)
        **SIMMONS HANLY CONROY LLC**
        112 Madison Avenue, 7th Floor
        New York, NY 10028
        Telephone: (212)784-6400
        atruong@simmonsfirm.com

        */s/ Gregory F. Coleman*
        Gregory F. Coleman
        Mark E. Silvey
        **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
        First Tennessee Plaza
        800 S. Gay Street, Suite 1100
        Knoxville, TN 37929
        Telephone: (865) 247-0080
        Facsimile: (865) 522-0049
        gcoleman@milberg.com
        msilvey@milberg.com

        *Attorneys for Plaintiffs*