UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY MEEK, et al._<br><br>        Plaintiffs,<br><br>    v.<br><br>SKYWEST, INC. and SKYWEST AIRLINES, INC.,<br><br>        Defendants. | Case No.: 3:17-cv-01012-JD<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, DIRECTING NOTICE TO CLASS, AND SETTING FINAL APPROVAL HEARING** |

In this employment class action dispute, named plaintiffs Cody Meek, Jeremy Barnes, and Coryell Ross have applied for an order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for preliminary approval of a proposed settlement, in accordance with the parties' settlement agreement. Dkt. No. 193. Defendants SkyWest Airlines, Inc., and SkyWest, Inc. have filed a statement of non-opposition. Dkt. No. 194. Preliminary approval is granted, and the Court has used the proposed order presented by the parties as revised pursuant to the Court's practices and conclusions.

**I.  PRELIMINARY APPROVAL**

Federal Rule of Civil Procedure 23(e) requires the Court to examine the proposed settlement and make a preliminary finding of fairness. A class action settlement may be approved only if the Court finds that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). The Court is to consider whether "(A) the class representatives and class counsel have adequately represented the

1

class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." Preliminary approval of a class settlement is appropriate when the proposed settlement "appears to be the product of serious, informed, noncollusive negotiations," "has no obvious deficiencies," "does not improperly grant preferential treatment to class representatives or segments of the class," and "falls with the range of possible approval." *Stokes v. Interline Brands, Inc.*, No. 12-cv-05527-JD, 2014 WL 5826335, at *3 (N.D. Cal. Nov. 10, 2014) (citations omitted).

### A.   Class Definition, Representatives, and Counsel

The Court previously certified a number of classes of individuals currently or formerly employed by defendants as Frontline Employees. Dkt. No. 167 at 14-15. The parties have proposed this settlement class: "All persons employed by Defendants based in California as non-exempt Frontline Employees at any time from February 27, 2013, through the date of the Court's order preliminarily approving this Settlement. Excluded from the Settlement Class are: (1) Counsel for the Parties and the Judges presiding over the Action and members of their families; (2) the Defendants and their subsidiaries, parent companies, successors, predecessors, and their current or former officers and directors; (3) Settlement Class Members who properly execute and submit an Opt-Out Form prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded persons." Consistent with its findings in the class certification order, Dkt. No. 167, the Court finds that the prerequisites for class certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are likely to be found to be satisfied for the settlement class.

Similarly, nothing has changed to require the Court to revisit its analysis of the adequacy of the class representatives and class counsel. For purposes of settlement, the Court approves on a preliminary basis the appointment of Cody Meek, Jeremy Barnes, and Coryell Ross as class

representatives, and Milberg Grossman Bryson Phillips Grossman, PLLC, Simmons Hanly Conroy LLC, and Kaplan Fox & Kilsheimer LLP as class counsel.

### B.  Arm's Length Negotiations

The Court is satisfied that the proposed settlement was the product of serious, informed and noncollusive negotiations.  *See* Dkt. No. 193 at 5-6.

### C.  Sufficiency of Relief to the Class

The Court finds on a preliminary basis that the settlement agreement appears to provide sufficient relief to the class.  The class settlement amount is $4.195 million, and the average payment per eligible settlement class member is expected to be between $1,320 to $2,150 per person.  Dkt. No. 193 at 7.  Class members will not be required to file a claim form to receive payment.  *Id*. at 6. On the whole, the motion papers sufficiently describe the risks of continued litigation and why this settlement amount provides a favorable recovery to the settlement class.  *Id*. at 12-16.

### D.  Scope of Release and Opt-Out Period

The proposed release is appropriately limited to claims "arising from the facts pleaded in the Complaint, including any violation of common law, California law and/or federal law which was or could have been raised in Plaintiffs' complaint based on the facts pleaded."  Dkt. No. 193-1, Ex. 1 (Settlement Agreement) at 5 (¶ 13(h)).

The Settlement Agreement proposes a 45-day opt-out period.  *Id*. at 8 (¶ 13(v)).  While this is sufficient, the Court will provide a slightly longer period as detailed below.

### E.  Notice and Claim Form Issues

The parties no longer propose a password-protected settlement website, and instead propose a website that will be open and accessible to the public.  In addition, the parties have proposed notice by U.S. mail, email, text message, and automated call, among other things.  Dkt. No. 193 at 21-22. A claim form is not required; class members will simply be mailed checks.  *Id*. at 6-7.  The Court finds that the proposed forms of notice together constitute the best practicable notice to individual class members under the circumstances of this case.

CPT Group is appointed as claims administrator and is directed to administer the notice procedure and the processing of claims consistent with the Settlement Agreement, under the supervision of the parties.

The Court (a) approves, as to form and content, the proposed Notice Packet containing the Class Notice and Opt-Out Form; (b) approves the methods of mailing the Notice Packet via U.S. Mail supplemented by email, text, and voicemail notice for Settlement Class Members; and (c) approves the establishment of a website for Settlement Class Members to obtain and review case-related documents. The parties may by agreement revise and update the notices for accuracy and clarity, and adjust the layout for efficient hard copy and electronic presentation and mailing.

Preliminary approval is consequently granted, while the issue of final approval is reserved.

## II. SCHEDULE AND NEXT STEPS FOR FINAL APPROVAL

The Court sets the following schedule:

| Event | Deadline / Date |
| --- | --- |
| SkyWest to provide class list and hours of work data to claims administrator and class counsel | October 20, 2022 |
| Claims administrator to issue class notice and opt-out forms | November 7, 2022 |
| Last day class counsel to file motion for attorney's fees and costs, and for any incentive awards for class representatives | November 28, 2022 |
| Objection / opt-out deadline | January 6, 2023 |
| Last day to file motion for final approval of class settlement | January 26, 2023 |
| Final approval hearing | February 23, 2023, at 10:00 a.m. |

1. <u>Class List</u>. Defendants will provide to the claims administrator and class counsel by October 20, 2022, a list generated by the defendants containing the last known name, email (if available), and physical mailing address, along with the total number of hours worked in a class position, for the settlement class members. The claims administrator and class counsel are directed to maintain the personally identifiable information that comprises the Class List securely and confidentially and to use the Class List solely for purposes of effecting the settlement.

4

2. <u>Stay of the Action</u>. Pending the final approval hearing, all proceedings in the action, other than proceedings necessary to carry out or enforce the terms and conditions of the settlement and this order, are stayed.

3. <u>Notice Date</u>. By November 7, 2022, the claims administrator will cause a copy of the Notice Packet to be mailed by first class United States mail, postage prepaid, to settlement class members, as well as emailed for those class members for whom email addresses are available. Contemporaneously with the mailing, the settlement administrator will post copies of the Settlement Agreement, Class Notice and Opt-Out Forms to the settlement website, in forms available for download.

4. <u>Exclusion from Class</u>. Any person falling within the definition of the class may, upon request, be excluded from the class. Any person who wishes to request exclusion must submit an Opt-Out Form. The written request for exclusion must contain all of the information requested on the Opt-Out Form, and be personally signed. The Opt-Out Form must be sent by mail to the claims administrator and must be timely postmarked by the opt-out deadline, except that the claims administrator may, upon consultation with counsel for all parties and for good cause, extend the due date for mailing the Opt-Out Form. Any settlement class member who requests exclusion (opts out) of the Settlement Agreement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal, or comment.

5. <u>Final Fairness Hearing</u>. A hearing will be held in Courtroom 11, United States District Court for the Northern District of California (San Francisco Division), 450 Golden Gate Ave., 19th Floor, San Francisco, California 94102 at 10:00 a.m. on February 23, 2023 ("Settlement Fairness Hearing"), to determine: (a) whether the proposed settlement should be approved as fair, reasonable, and adequate to the Class; (b) whether the Court should enter final approval of the settlement; (c) whether to approve the application for incentive awards for the representative plaintiffs and an award of attorneys' fees and litigation expenses to class counsel; and (d) any other matters that may properly be brought before the Court in connection with the settlement. The date and time for the Settlement Fairness Hearing may be changed by the Court without further notice to the Class. Class members should contact class counsel or the claims administrator, or check the settlement website

regularly, for any updates or changes to the time for the fairness hearing or any other deadlines set by this order.

6. <u>Objections and Appearances</u>. Any settlement class member may comment in support of or in opposition to the settlement and may do so in writing, in person, or through counsel, at their own expense, at the Settlement Fairness Hearing.  Except as the Court may order otherwise, all objections must include: (i) the settlement class member's full name, current mailing address, and telephone number; (ii) the specific grounds for the objection; (iii) all documents or writings that the settlement class member desires the Court to consider; and (iv) a statement regarding whether they (or counsel of their choosing) intend to appear at the Settlement Fairness Hearing.  All written objections must be postmarked no later than the Objection Deadline.  Any objector who fails to meet these requirements may be deemed to have waived their objections.

7. <u>Settlement Class Members</u>. Settlement class members who have been identified from the defendants' records will have 60 days from the issuance of the Notice Packet to request exclusion, object, or otherwise comment on the settlement.

8. <u>Reasonable Procedures</u>. Class counsel and defendants' counsel are authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice Packet, and other exhibits that they jointly agree are reasonable or necessary.

**IT IS SO ORDERED:**

Dated: September 30, 2022

_____
James Donato
United States District Judge