**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CODY MEEK, *et al.* | Case No.: 3:17-cv-01012-JD |
| Plaintiffs, | **FINAL APPROVAL ORDER** |
| v. | |
| SKYWEST, INC. and SKYWEST AIRLINES, INC., | |
| Defendants. | |

The Court granted preliminary approval of the parties' proposed class action settlement. Dkt. No. 197. A request for final approval, Dkt. No. 199, is granted. The Court has used the proposed order presented by the parties as revised pursuant to the Court's practices and conclusions. A judgment will be entered separately.

1. This Order incorporates the definitions in the Settlement Agreement, and all special terms used here will have the same meanings as set forth in the Settlement Agreement, unless otherwise stated.

2. The Court has jurisdiction over the subject matter of this Action and all matters relating to the Settlement, as well as personal jurisdiction over Class Representatives, the Settlement Class Members, and Defendants.

3. The record demonstrates that the Notice and Notice Plan, including a combination email, text message and physical mail to Settlement Class Members based on SkyWest's records, and a dedicated website and toll-free phone number, was implemented in accordance with the Preliminary Approval Order and (a) constituted the best practicable notice under the circumstances; (b) constituted notice that is appropriate, in a manner, content and format reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and the effect of the Settlement (including the releases contained therein); their right to object to any aspect of the Settlement and/or Class Counsel's Motion for Attorneys' Fees and Expenses and Service Awards; their right to exclude themselves from the Settlement Class; and their right to appear at the Fairness Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

4. For purposes of the Settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court certifies the following Settlement Class for purposes of Settlement only:

> All persons employed by Defendants based in California as non-exempt Frontline Employees at any time from February 27, 2013, through the date of the Court's order preliminarily approving this Settlement. Excluded from the Settlement Class are: (1) Counsel for the Parties and the Judges presiding over the Action and members of their families; (2) the Defendants and their subsidiaries, parent

companies, successors, predecessors, and their current or former officers and directors; (3) Settlement Class Members who properly execute and submit an Opt-Out Form prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded persons.

5. Plaintiffs Cody Meek, Jeremy Barnes, and Coryell Ross ("Class Representatives") have adequately represented the Settlement Class and are appointed, for settlement purposes only, as representatives for the Settlement Class for purposes of Federal Rule of Civil Procedure 23.

6. Milberg Grossman Bryson Phillips Grossman, PLLC, Simmons Hanly Conroy LLC, and Kaplan Fox & Kilsheimer LLP have adequately represented the Settlement Class and are appointed as counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23.

7. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members based on the following factors, among others:

a. **Adequate Representation (F.R.C.P. 23(e)(2)(A))**. The Class Representatives and Class Counsel have adequately represented the class, without conflicts, including active participation in investigation, pleadings, motion practice, discovery and settlement negotiations. Based on the stage of the proceedings, including completion of fact discovery, exchange of expert reports, and that Class Representatives' certification motion has been fully briefed, and the amount of investigation and discovery conducted, Class Representatives and Class Counsel had a reasonable basis on which to make an informed decision about settlement.

b. **Arms' Length Negotiation (F.R.C.P. 23(e)(2)(B))**. The record before the Court does not indicate fraud or collusion with respect to the Settlement, which was reached as a result of extensive arm's length negotiations, occurring over the course of almost a year, and mediation with a respected mediator. There is no "clear sailing" agreement, and the Settlement is non-reversionary.

c. **Adequate Settlement Relief (F.R.C.P. 23(e)(2)(C))**. The relief provided for the Settlement Class Members is adequate, taking into account the complexity, costs, risk, and likely duration of the litigation, including trial and appeal. The Settlement provides reasonable cash relief to Settlement Class Members. The non-reversionary $4,195,000 million fund falls within the range

of possible recoveries by the Settlement Class Members, taking into account the theories of liability and damages.

d. **Equitable Treatment of Settlement Class Members (F.R.C.P. 23(e)(2)(D))**. Subject to the Court's determinations in the attorney's fees order with respect to "service" awards for the named plaintiffs, filed separately, the Settlement provides equitable treatment to all Settlement Class Members. The Settlement Payments are calculated based on Settlement Class Members' hours worked and adjusted on a uniform *pro rata* basis.

8. The Court authorizes and directs implementation and performance of all the terms and provisions of the Settlement Agreement.

9. The Releases set forth in Section 4 of the Settlement Agreement are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

10. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged all Released Claims against the Released Parties (including Unknown Claims), and the Releasing Parties, and anyone claiming through or on behalf of any of them, shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Parties (including Unknown Claims), whether or not such Person shares in the Net Settlement Fund. The Releasing Parties and their successors, assigns, executors, administrators, representatives, attorneys and agents in their capacity as such, are bound by this Order, including, without limitation, the release of claims as set forth in the Settlement Agreement. The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. Claims to enforce the terms of the Settlement Agreement are not released.

11. Upon the Effective Date, the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, and

discharged all Released Defendants' Claims against the Releasing Parties (including Unknown Claims). Claims to enforce the terms of the Settlement Agreement are not released.

12. The Releasing Parties and their successors, assigns, executors, administrators, representatives, attorneys and agents in their capacity as such, are bound by this Order, including, without limitation, the release of claims as set forth in the Settlement Agreement.

13. The individuals identified in Exhibit A attached to the Declaration of Laura Singh and incorporated by this reference, submitted timely and valid Requests for Exclusion, are not Settlement Class Members, are not releasing any claims, and are not bound by the terms of the Settlement Agreement or this Order. These individuals will not share in the monetary benefits of the Settlement, and this Order does not affect their legal rights to pursue any claims they may have against Defendants.

14. Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Action, and Defendants have represented that they entered into the Settlement because it would be beneficial to avoid the burden, inconvenience, and expense associated with continuing the Litigation and the uncertainty and risks inherent in any litigation. Neither this Order and Final Judgment, the Settlement Agreement, nor any of their respective terms and provisions, nor any of the negotiations, discussions, or proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement, nor any of the documents or statements referred to therein, nor any payment or consideration provided for therein, shall be: (a) offered or received against or to the prejudice of any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Plaintiffs or any Settlement Class Members or the validity of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding; (b) offered or received against any Defendant as evidence of a presumption, concession, or

admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Parties, in any other civil, criminal, or administrative action or proceeding; provided, however, that the Parties may refer to it to effectuate the releases granted them hereunder; or (c) construed against Defendants, Class Representatives, or the Settlement Class as evidence of a presumption, concession or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

15. The Released Parties may file the Settlement Agreement and/or judgment in any action in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Any appeal or challenge re the separately filed attorney's fees and costs order will in no way disturb or affect the finality of the other provisions of this Order, or the Effective Date of the Settlement.

17. Without affecting the finality of this Order in any way, the Court reserves jurisdiction over the subject matter and each Party to the Settlement Agreement with respect to the interpretation and implementation of the Settlement Agreement for all purposes, including enforcement of any of the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the Settlement or this Order. This Order applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

18. In the event that the Effective Date does not occur in accordance with the terms of the Settlement Agreement, the Settlement Agreement, including any amendment(s) thereof, except as expressly provided in the Settlement Agreement, and this Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions prior to the date of the Settlement Agreement.

19. The Action, including all actions consolidated into the Action, and all Released Claims are dismissed on the merits with prejudice.

**IT IS SO ORDERED.**

Dated: August 17, 2023

_____
James Donato
United States District Judge